## JOHN A. RAHM V. THE STATE.

*No. 3683.     Decided October 28.*

1. **Indictment—Motion to Quash Because Tampered with.**—Upon a motion to quash the indictment upon the ground that it had been tampered with by being interlined and amended as to material matters by some one other than the clerk, district attorney, or foreman of the grand jury, which motion was sworn to, but defendant introduced no evidence in support of the same, and the court of its own motion called witnesses who testified to the falsity of the facts contained in the motion; *held,* that the motion was properly overruled.

2. **Indictment — Perjury — Material Allegation.** — Where an indictment for perjury assigned the perjury upon the fact that defendant had sworn that he did not execute a certain order in writing, which order was set out *in hæc verba* in the indictment, it was not necessary that the indictment should also allege the materiality of such order; the execution of the order, and not the order itself, being the material subject of inquiry.

3. **Bill of Exception to Exclusion of Evidence.** — Bills of exception to the admission or exclusion of evidence should, in and of themselves, show the error which is complained of, in order to entitle the bills to consideration by this court.

4. **Privileged Communications Between Attorney and Client.**—Where an attorney at law prepared and wrote a certain order for the defendant to sign, which order defendant subsequently swore he did not sign, and that his signature to such instrument was a forgery, *held,* that the attorney who prepared the instrument was a competent witness to prove its execution by the defendant, and that the relation between the parties was not such as to render this testimony inadmissible upon the ground of privileged communications between attorney and client.

5. **Argument of Counsel, Breach of the Privilege of.**—Improper and unwarranted remarks of prosecuting counsel in argument, although always reprehensible, do not constitute cause for reversal unless they were calculated to prejudice the rights of the accused; and a conviction will not be set aside for this cause unless the defendant requested and was refused an instruction directing the jury to disregard them.

6. **Charge of the Court as to Materiality of Issue in Perjury.**—See charge of the court held sufficiently explicit in submitting to the jury the matter assigned as perjury, and its materiality to the issue.

APPEAL from the District Court of Bexar. Tried below before Hon. G. H. Noonan.

Appellant was indicted for perjury. At his trial he was convicted and his punishment assessed at six years confinement in the penitentiary. The rulings of the court on this appeal do not call for a statement of the evidence.

*W. H. Brooker*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was convicted in the court below upon an indictment charging him with perjury.

A preliminary motion was made to quash the indictment, mainly upon the ground that it had been tampered with by being interlined and amended as to material matters by some one whose handwriting was different from that of the clerk, district attorney, or foreman of the grand jury. This motion to quash was sworn to. In the order overruling the same it was recited that when the motion was called the defendant refused to introduce any evidence or witnesses in support of the matters of fact therein alleged to be true, and the court, of its own motion, having witnesses called and examined under oath as to said matters of fact, and after hearing the evidence being of opinion that the allegations were untrue and not warranted by the facts, ordered that said motion to quash be overruled on account of the absolute falsity contained in the affidavit.

After the trial and conviction a motion in arrest of judgment was filed by defendant based upon supposed defects in the indictment, all of which seem to be complaints urged against the sufficiency of the indictment because it did not charge the materiality of a certain written order set out *in hæc verba* in said indictment, and because it did not charge that said written order was a material issue in the case.

Defendant's counsel seems to have misapprehended the case as made by the indictment. The matter before the grand jury, which was the material inquiry, was whether or not the defendant Rahm had executed and given the order or instrument in writing set out; and it is alleged that that inquiry was necessary to a due administration of the criminal laws of the State. It was not necessary to allege the materiality of the order itself in terms, but the issue, and the material issue, on inquiry before the grand jury, was, whether Rahm signed said order or not. It was the execution of the instrument, and not the instrument itself, which was the subject of inquiry. This matter is most plainly, clearly, and sufficiently charged in said indictment, and said indictment, as a charge for perjury, assigned upon the denial under oath, by a party before the grand jury, that he had executed a certain

instrument in writing therein set forth, is in exact conformity with approved precedents in this State, and contains all the necessary allegations required under our statutes and said approved forms. Willson's Crim. Forms, No. 121; Jackson v. The State, 15 Texas Ct. App., 579. The court did not err in either overruling defendant's motion to quash or his motion in arrest of judgment based upon supposed defects in the indictment, said indictment being good and sufficient in law.

With regard to defendant's first and second bills of exceptions, we deem it only necessary to say that the bills are so indefinite and uncertain in stating the matters complained of that we can not pass upon them intelligently, and therefore can not see that any error has been committed. Willson's Crim. Stats., secs. 2368, 2516.

Defendant's third and fifth bills of exceptions are unintelligible to us, and do not show in and of themselves what the error is which defendant proposes to complain of. From the bills themselves it is, moreover, not made to appear how the questions asked, and which were excluded by the court, were or could in any manner be relevant and pertinent to the case on trial. This should have been done in order to entitle the bills to consideration.

Defendant's fourth bill of exceptions was an objection urged to the competency of a witness, Oscar Bergstrom, who was permitted to testify over defendant's objection. The objection of defendant to this witness was that he was incompetent, because he was attorney, counsel, and legal adviser of the defendant before, at the time the order purports to have been made, and long after, and that his evidence should not be used against his client. In signing this bill of exceptions the learned judge refers us to the statement of facts, which shows that no such relation as that of attorney and client existed at the time of the alleged offense.

It is further shown by said statement of facts that the order which the defendant denied before the grand jury had been executed by him, and upon which denial the perjury is assigned, had been prepared and written by Bergstrom for the defendant to sign. Defendant denied that he signed it, and claimed before the grand jury, as we understand it, that his signature to said instrument was a forgery. Bergstrom was introduced by the State to prove that defendant did sign, and the facts and circumstances connected with defendant's signing the instrument. Under all the evidence developed in regard to the matter, the rule of privileged communication, as between attorney and client, did not and could not obtain in such a case, and the court did not err in overruling the objections to the testimony.

From the defendant's bill of exceptions number 8 we are unable to see how the matters proposed to be shown were either relevant or pertinent to the issues upon trial, and we can not say that the court committed any error in this instance.

Defendant's tenth bill complains of the language of the district attorney used in his closing argument, wherein he stated that "the defendant was a perjurer; that he swore as false as hell in another matter in this court." In certifying this bill the learned trial judge says: "The court does not remember the remark, but defendant's counsel excepted to something the district attorney did say in his argument."

"Improper and unwarranted remarks of prosecuting counsel in argument, although always reprehensible, do not constitute cause for reversal unless under all the circumstances of the case they were calculated to prejudice the rights of the accused (Walker v. The State, 28 Texas Ct. App., 503), and it seems a conviction will not be set aside for this cause unless the defendant requested and was refused an instruction directing the jury to disregard the unauthorized statements of counsel for the State." Young v. The State, 19 Texas Ct. App., 536; Kennedy v. The State, Id., 618; Willson's Crim. Stats., sec. 2321.

Defendant's eleventh bill complains of the overruling of his motion for a new trial, which motion for new trial is in the main a recapitulation of the matters complained of in his bills of exception, and in addition thereto some complaints against the charge of the court. We are of opinion that the charge of the court was a very clear and full exposition of the law applicable to the case as made by the evidence, and it is not obnoxious to the objection that the court submitted the question of the materiality of the issue to be determined by the jury instead of determining it himself, for we find the following instruction in the charge, to-wit: "Whether the signature to the instrument set forth in the indictment and in evidence before you, dated June 16, 1888, was a forgery or otherwise, was a material issue, if the same was under investigation by the grand jury. * * * The true test as to materiality is whether the statement of the witness could have probably influenced the tribunal upon the question at issue and being investigated by it. If it tended to do so, it is material; the degree of materiality is of no importance; if it be material to a single fact, it is sufficient." Here the jury are expressly told that the matter assigned as perjury, to-wit, whether the defendant signed and executed the instrument or not, was a material issue before the grand jury. No special instructions in addition to the main charge were requested for the defendant.

We have given this case our most careful consideration, and upon the record as it is presented to us we find no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

Hurt, J., absent.