### CHARLES LOVE v. THE STATE.

*No. 564.  Decided February 24th, 1895.*

**1.  Evidence—Assault Upon a Witness.**

Where it is clear that an assault was made by the defendant upon a witness because he was going to testify against him in a criminal prosecution, such assault becomes a relevant fact, and is admissible as evidence against defendant.

**2.  Bill of Exceptions—Practice on Appeal.**

A bill of exceptions, saved to the exclusion by the court of questions asked a witness, will not be considered on appeal which does not indicate what reply was expected nor intimate what the testimony would have been.

**3.  Same.**

A bill of exceptions saved to the action of the court in refusing to permit proof of the words, acts and conduct of third parties, should state such acts, words and conduct; and it must also appear that the same were facts relevant and pertinent to the issues in the case.

**4.  Improper Argument of Counsel.**

Improper argument in defense of witnesses who have been violently attacked by opposing counsel will not be ground for reversal where the court has reprimanded counsel and instructed the jury to disregard the same.

**5.  Disturbance of Religious Worship—Charge.**

On a trial for disturbance of religious worship, a charge of the court that, "the statute protects a congregation so long as any one of them are on the ground either before, during or after services," is not erroneous where the evidence shows that the

disturbance occurred in the house during service, as well as outside the church immediately after the services were closed, and while the congregation were passing out of the house.

Appeal from the County Court of Bell. Tried below before Hon. John M. Furman, County Judge.

This appeal is from a conviction for disturbance of religious worship, wherein the punishment was assessed at a fine of $25.00.

The disturbance occurred at a prayer meeting at Bell Plains Church, on the night of October 30th, 1892, at which there were some thirty persons, men and women, present. T. M. Poteet led the services.

J. M. Vannoy testified, that he was disturbed by defendant's talking and whispering during the meeting. That he saw him talking and whispering as many as three different times on that occasion. After the services were over, and before the congregation had left the church, he approached defendant, and taking him aside remonstrated with him about such conduct. Defendant said he would see him outside. "When we got out, Love, the defendant, said to me, 'Whoever says I talked, tells a G—d d—d lie.'" He says defendant cursed and abused him, and called him "a d—d hypocrite." Mr. Poteet, who was present, spoke to him, and defendant asked Poteet, in a loud and angry manner, "What have you got to do with it?" Mr. Poteet replied that he would not talk to a mad man. This conversation occurred about ten feet from the door, and while the people were in and passing out of the house. The witness Poteet heard talking in the church during the services, but did not know who was engaged in it, though it occurred at the place where defendant and others were sitting. As to the occurrence outside the church, he testified substantially as did the witness Vannoy. This witness further testified: "I never had any ill will towards the defendant. He never made any threats directly against me if I testified in this case against him. While I was in my field picking cotton yesterday, defendant came into the farm where I was and struck me on the head and on the arm with a large stick, and said he would kill me and the whole d—d bunch that was bothering or after him. I had never had any trouble with the defendant previous to this. I do not know what he struck me for unless it was because I was a witness against him in this case."

Defendant, as a witness, denied that he talked in church or heard others talking that night. And also testified that he did call Vannoy "a d—d hypocrite," but that it was after the people had all gone from the house, and when no one was present but Vannoy, Poteet and himself. He testified that he went into Poteet's field to whip him, not because he was a witness in the case, but because he had been talking about him.

The testimony of defendant's other witnesses was mainly negative in character, that is, that they heard no whispering, talking or disturbance in church during the services.

*W. G. Love*, for Appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of disturbing religious worship, his punishment being assessed at a fine of $25. The witness Poteet, over appellant's objection, was permitted to testify that he (appellant) went to Poteet's field the day previous to the trial armed with a club, assaulted Poteet with it, saying, "I am going to kill you. I told you I would kill you for what you have done." Witness ran. Defendant pursued, and struck him with the club. On cross-examination, witness stated he did not know why defendant assaulted him, and knew of no threats made against him by appellant. We think, under the facts of this case, the evidence was clearly admissible. When, on the night of the disturbance averred in the indictment, the witness and Vannoy expostulated with appellant in regard to his conduct in the church, appellant became enraged, and cursed and abused them, and, on parting from them, said he would see them again. If the assault was because of the fact that Poteet was prosecuting him and testifying against him, the testimony was admissible; and, under the facts of this case, we think this inference was clearly deducible. It was a relevant fact.

2. Mrs. Allimon and J. A. Hill, witnesses for the accused, were asked by him if "Vannoy had made statements to them, since this case had been pending, expressing his feelings towards defendant, and if so, repeat such statements as near as you can?" The bill of exceptions does not indicate what reply was expected, nor does it in any way intimate what their testimony would have been. The bill cannot be considered. Willson's Cr. St., §§ 2368, 2516.

3. By the same witnesses, appellant offered to prove the words, acts and conduct of Vannoy and Poteet showing their intolerance of appellant because of theological differences of opinion between them, and the further fact that the two witnesses had ceased to attend the church of which they and Vannoy and Poteet were members, because of Vannoy's and Poteet's quarrelsome nature. None of their acts, words, or conduct are stated in the bill, and we are not informed as to what they were. Nor is it perceived how the fact that these church members quarreled among themselves could avail appellant on this trial. It may have been in bad taste, and indicated a want of love and charity among themselves, but how this could have extenuated appellant's conduct, or would have been a relevant fact in his favor in this case, is not easily imagined, and is not made to appear.

4. The remarks of counsel for State were not authorized, and should have been avoided. The court says, in explanation of the bill of exception that counsel for appellant had made violent attacks upon the State's witnesses, and in this connection the violent language complained of was used. The language used by the same counsel found in a subsequent bill was unwarranted and dehors the record. But in both instances the

court reprimanded counsel, and instructed the jury to disregard same. While the remarks were improper, we do not think they were of such character as to require a reversal.    House v. State, 19 Tex. Crim. App., 227; Pierson v. State, 18 Tex. Crim. App., 524; Young v. State, 19 Tex. Crim. App., 536; Willson's Cr. St., ? 2321.

The following excerpt from the court's charge was excepted to as being erroneous, to-wit:    "You are further instructed that the statute protects a congregation so long as any one of them are on the ground, either before, during or after services."    The evidence adduced shows the disturbance occurred in the house during services, as well as just outside of the church immediately after services closed, and while the congregation were passing out from the house.    This charge was correct as applicable to the facts of this case.    Dawson v. State, 7 Tex. Crim. App., 59.

We are of opinion the evidence supports the verdict.    The judgment is affirmed.

*Affirmed.*