### Romey Wyatt v. The State.

No. 3999.    Decided April 14, 1909.

**1.—Disturbing Sunday-School—Charge of Court.**

Where upon trial of wilfully disturbing a congregation in Sunday-School the court properly charged the law applicable to the facts, there was no error.

**2.—Same—Charge of Court—Part of Congregation.**

Where upon trial of wilfully disturbing a congregation at Sunday-School, the court charged that if the jury believed beyond a reasonable doubt that the defendant wilfully disturbed any congregation, or part thereof, etc., at Sunday-School to find defendant guilty, there was no error. Following Love v. State, 35 Texas Crim. Rep., 27.

Appeal from the County Court of Burnett. Tried below before the Hon. J. G. Cook.

Appeal from a conviction of wilfully disturbing a congregation in Sunday-School; penalty, a fine of $25.

The opinion states the case.

*Ike D. White,* for appellant.—Green v. State, 56 S. W. Rep., 915; Hubbard v. State, 32 Texas Crim. Rep., 389, 24 S. W. Rep., 30.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of wilfully disturbing a congregation assembled for the purpose of conducting and participating in Sunday-School by then and there driving a horse and buggy in front of and near the east door of said schoolhouse. The punishment was assessed at a fine of $25.

The facts in the case show that . after the Sunday-School had adjourned and before a large part of the audience had left the place where the Sunday-School was held, appellant unhitched a horse that was tied to a telephone pole thirty or forty yards away from the church or schoolhouse, which horse was also hitched to a buggy, and drove the horse and buggy in front of the door of the school-house or church where the Sunday-School had been in session. Appellant. did this at the instance of some companions, who told him they would give him fifty cents if he would unhitch the horse and buggy and drive it up in front of the house. The evidence

shows further that the horse was quite thin and poor and shabby, and the buggy was equally shabby, if nòt more so. The purpose of appellant from the State's standpoint was to mortify the prosecuting witness, Miss May Crum, by exhibiting her sorry turnout and cause the people assembled at the Sunday-School to laugh at her discomfiture. The prosecuting witness testifies the act made her very angry.

Serious objections are urged to the court's charge. After a very careful review of same we find it is in all things correct.

Appellant specially complains of that portion of the court's charge which reads as follows: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant Romey Wyatt in the county of Burnett, and State of Texas, did at the time and place alleged in the information wilfully disturb any congregation, or any part of or any one of such congregation there assembled for the purpose of conducting or participating in a Sunday-School, etc., you will find him guilty." This charge is correct since the statute inhibits the disturbance of a congregation or a part of a congregation and since any member of the congregation is a part of the congregation. See Love v. State, 35 Texas Crim. Rep., 27.

The charge is in all respects, as stated, a full and complete presentation of all the law applicable to this case. The evidence supports the verdict and the judgment is in all things affirmed.

*Affirmed.*