### Friday Williams v. The State.

No. 3267. Decided October 21, 1914.

Rehearing denied November 11, 1914.

1.—Carrying Pistol—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to sustain a conviction, although conflicting, there was no reversible error.

2.—Same—Evidence—Cross-Examination—Res Gestae.

Upon trial of unlawfully carrying a pistol, there was no error on cross-examination of defendant's witnesses to show by circumstances, such as pistol shots, cutting scrapes and drunkenness surrounding the transaction, that the defendant was the party who fired the shots or one of them, although no witness swore who fired the shots or engaged in the cutting scrape; nothing appearing to the contrary that this testimony was not res gestae.

3.—Same—Cross-Examination—Rule Stated.

Either side has the right to test the witnesses on cross-examination as to those various matters about which they had testified in the examination in chief, so as to show what means of information and observation they had of the occurrences.

4.—Same—Conduct of State's Attorney—Harmless Error.

While the conduct of the State's counsel in asking the witnesses questions to which objections had been sustained was improper, yet it was not such error as to require a reversal.

5.—Same—Argument of Counsel—Requested Charges.

In the absence of requested charges reserving the objections of the argument of State's counsel, which, in some respects, was improper, the same is not reversible error. Following Pierson v. State, 18 Texas Crim. App., 524, and other cases.

6.—Same—Rule Stated—Argument of Counsel.

Before this court will reverse a conviction because of argument of State's counsel, it must appear to us that the remarks are improper and that they are of a material character and such as, under the circumstances, were calculated to injuriously affect the rights of the defendant. Following Tweedle v. State, 29 Texas Crim. App., 586, and other cases.

7.—Same—Argument of Counsel—Bills of Exception.

Where the bills of exception complaining of the argument of counsel did not sufficiently set forth the surrounding circumstances in connection with the facts, and the lowest penalty was inflicted, there was no reversible error, in the absence of requested instructions.

8.—Same—Charge of Court—Misdemeanor.

In the absence of bills of exception to the charge of the court in a misdemeanor case and special requested instructions, the same will not be considered on appeal.

Appeal from the County Court of Brazos. Tried below before the Hon. J. T. Maloney.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. G. Minkert,* for appellant.—On question of argument of counsel: Davis v. State, 54 Texas Crim. Rep., 236; Taylor v. State, 50 id., 560; Jenkins v. State, 49 id., 457; Robbins v. State, 47 id., 312.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for carrying a pistol and fined $100, the lowest penalty.

Pat Cheeves, a negro, gave a supper and dance one night at his house. A considerable number of negroes attended. They had intoxicating liquors there and it seems one or more of them got drunk. During the dance they had a cutting scrape in the house, and also a scuffle therein over a Winchester gun; they also had a scuffle over a Winchester in the yard. Pat Cheeves was trying to wrest the Winchester from the hands of another one of the negroes, claiming it was his. He and one other witness testified positively that while this scuffling for the rifle was going on, appellant walked up to Pat, pulled his pistol, threw it down on him and ordered him to let the gun alone, which he did, and went in the house. Just before this, two pistol shots were fired on the outside of the house. Several of appellant's witnesses swore that they were out there, saw the scuffle over the gun and heard appellant order Pat to turn it loose, but they say they did not see appellant with the pistol at that time. Some of them say he did not have it, nor present it. That was a question of fact, however, which was solved against appellant by the jury.

The evidence as to the intoxicating liquor, drunkenness, pistol shots and cutting scrape, was drawn out by the State on cross-examination of appellant's witnesses. Appellant has some bills of exceptions to the testimony of some of the witnesses as to the cutting scrape, hearing pistol shots, etc. His bills are very meager and properly could not be considered, but in our opinion the evidence was admissible in cross-examination of appellant's witnesses as having a tendency to show the occasion for appellant having and presenting a pistol, and as tending to show that he was the party who fired the shots, or one of them, although no witness swore who fired any of the shots nor who was engaged in the cutting scrape. None of appellant's bills by any statement of what the evidence disclosed, or did not disclose, approved by the judge as a statement of the facts, exclude the idea, nor do they tend to exclude it, that all of said testimony was not res gestae of appellant's having and presenting his pistol.

By another bill it is shown that in cross-examination of one of appellant's witnesses, the county attorney asked him if he saw the scuffle in the house over the Winchester. He said he did not. He was also asked if he saw one of the parties have a gallon of alcohol and saw him lying on the floor drunk, and he said he did not. He was asked if he saw the cutting scrape and he said he did not, and some other such things as were testified to as having occurred by other witnesses. As he would answer each question, the county attorney would ask, that is,

one thing and then that is two things, then three things and then four things, etc., that occurred that you did not see. The witness would answer in the affirmative. We think all this was permissible cross-examination. Either side has the right to test the witnesses as to these various matters so that it can be shown what means of information and observation they had of the occurrences.

In some of his bills he complains that while the court sustained his objections to questions asked by the county attorney, that the county attorney persisted in asking them, notwithstanding the ruling of the court. This, of course, was improper conduct on the part of the county attorney and the court should have enforced his rulings, by whatever fine or penalty against the county attorney necessary to do so, but not having done so, we think this presents no reversible error and shows no injury to appellant that would require a reversal.

Appellant has two other bills complaining of the argument of the county attorney. He did not ask the judge, in writing or otherwise, to instruct the jury to disregard the county attorney's argument. In some respects we think it was improper. This court, long ago, in Pierson v. State, 18 Texas Crim. App., 524, said: "It has become quite common to except to the remarks of counsel for the State in their addresses to the jury. We find such exceptions in the majority of contested cases that come before us. If we had sustained all these exceptions, the effect would have been to have virtually closed the mouths of prosecuting attorneys. While argument should be restricted legitimately, it should not be so unreasonably limited as to render it ineffectual. The State has rights in this respect as well as defendants. And in view of the frequency of exceptions of this character, we will take occasion here to say that, before we will reverse a conviction because of remarks of prosecuting counsel, it must clearly appear to us: (1) That the remarks were improper, and (2) that they were of a material character, and such as, under the circumstances, were calculated to injuriously affect the defendant's rights."

In Tweedle v. State, 29 Texas Crim. App., 586, on this subject, this court said: "Concede that this argument was improper, it does not follow that the judgment should be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of the defendants. To reverse in all cases where counsel fail to confine themselves to the record would render trials farces. There is hardly a case of any importance tried but that during the progress of the trial some unguarded expression is used by counsel upon either side. It would be a remarkable coincidence if this were not true. House v. State, 19 Texas Crim. App., 227; Bass v. State, 16 Texas Crim. App., 62." See also the following cases: McConnell v. State, 22 Texas Crim. App., 354, 3 S. W. Rep., 699, 58 Am. Rep., 647; Young v. State, 19 Texas Crim. App., 536; Frizzell v. State, 30 Texas Crim. App., 42, 16 S. W. Rep., 751; Rahm v. State, 30 Texas Crim. App., 310, 17 S. W. Rep., 416, 28 Am. St. Rep., 911; Tipton v. State, 30 Texas Crim. App., 530, 17 S. W.

Rep., 1097; Lewis v. State, 29 Texas Crim. App., 201, 15 S. W. Rep., 642, 25 Am. St. Rep., 720; Walker v. State, 28 Texas Crim. App., 503, 13 S. W. Rep., 860; Love v. State, 35 Texas Crim. Rep., 27, 29 S. W. Rep., 790.

Appellant's bills on this subject do not show the occasion for the county attorney's argument, nor anything else in connection with the case as a statement of facts, approved by the judge to show the surrounding circumstances. Under the circumstances we think the matter presents no reversible error. The jury assessed the lowest penalty against appellant.

Appellant, in the court below, in no way excepted to the charge of the court, nor did he ask any special charge. For the first time in his brief, just filed, he complains of one paragraph of the court's charge. It is the settled law of this State that in misdemeanor cases the only proper way this court can consider an objection to the charge of the court is by bill of exceptions thereto taken at the time of the trial. Nothing of the kind was done in this case. Hence, we can not review his complaint of the charge of the court.

There being no reversible error, the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 11, 1914.—Reporter.]