# FEBRUARY 19, 1936

### Frank Allen v. The State.

No. 17929. Delivered February 19, 1936.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to commit rape, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

From the record it appears that appellant, by the use of force and threats, attempted to have an act of intercourse with the assaulted girl at the time and place alleged in the indictment.

By bill of exception number one appellant complains of the following argument of the district attorney: "That the officers of this county are doing their duty in getting rid of the filthy bunch that came in during the oil boom and we are succeeding." His objection to the argument was, that it was not warranted by the evidence, that it was made for the purpose of injuring him and to prejudice the minds of the jury against him. Appellant admitted that he was a bum; and that there were others at or near the railroad at the time of the alleged offense. Hence the argument was not entirely without evidence and could not have injuriously affected his rights or prejudiced the jury against him.

By bill of exception number two appellant complains of the following argument by the district attorney, to-wit: "The defense counsel knows that their witnesses were finger printed by the officers." His objection thereto was the same as shown in bill of exception number one. The record shows that appellant was the only person who gave testimony in his behalf, and while testifying he admitted he had been finger printed. Hence the argument was a legitimate discussion of the testimony.

Bill of exception number three shows that the district attorney in his argument referred to outlandish stories, such as appear in the daily papers. Appellant while testifying did say that Dewey Ball and the assaulted girl's brother told him what they had been guilty of, where they had been and how long they had served in the penitentiary, besides the story he told about this white girl telling him what she would do for him if he gave her his pistol. This may have sounded as an outlandish story to the district attorney and he had a right to discuss appellant's entire testimony and his demeanor while on the witness stand, and draw a reasonable deduction therefrom, and, therefore, was not an unwarranted comment. In

the case of Tweedle and Martin v. State, 29 Texas App., 586, this court said: "Concede that this argument was improper; it does not follow that the judgment should be reversed for this cause. The remarks must not only be improper, but they must be of such a nature as would be clearly calculated to prejudice the rights of the defendant. To reverse in all cases where counsel fail to confine themselves to the record would render trials farces." See also McConnell v. State, 22 Texas App., 354, (3 S. W., 699); Frizzell v. State, 30 Texas App., 42, (16 S. W., 751); Rahm v. State, 30 Texas App., 310, (17 S. W., 416); Love v. State, 35 Texas Crim. Rep., 29, (29 S. W., 790).

A careful consideration of all of the bills of exception leads us to the conclusion that no reversible error was committed. It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.