CRAFTON HATLEY V. THE STATE.

No. 19175.   Delivered November 10, 1937.

The opinion states the case.

*Frank Lane,* of Brackettville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder and his punishment was assessed at confinement in the state penitentiary for a term of three years.

It was charged in the indictment that on or about the 3rd

day of October, 1936, Crafton Hatley, while intoxicated and under the influence of intoxicating liquor, did drive and operate an automobile upon Spring Street, within the limits of the incorporated City of Brackettville, in Kinney County, Texas, and while in the execution of said unlawful act did through mistake and accident kill Lucy Hall by driving said automobile into, and causing it to collide with, the said Lucy Hall.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction. The uncontroverted testimony shows that in the early part of the night of October 3, the appellant, accompanied by Dall Griner, Willie Ward, LeRoy Jefferson, and Earnest Williams, drove along and upon Spring Street in the town of Brackettville, an incorporated city, at the rate of approximately thirty-five miles per hour, and while in the performance of said act, ran into and upon Lucy Hall, inflicting injuries upon her which resulted in death. Dall Griner testified that a very short time prior to the unfortunate occurrence, they had purchased a bottle of whisky and that each one, except Willie Ward, took a drink. Herbert Senne testified that on the night of October 3, prior to the time of the collision, appellant accompanied by the other negroes, drove up to his filling station and purchased some gasoline; during which time he observed appellant, and from his acts and conduct he, the witness, concluded that appellant was drunk. The constable who arrested appellant a short time after the collision testified that appellant was drunk; that he smelled whisky on his breath, and that when he took him to jail he staggered and was unable to walk straight.

Appellant did not testify or offer any affirmative defense. We are of the opinion that the jury's conclusion of appellant's guilt is supported by the testimony.

By bill of exception number one, appellant complains of the following remarks by the district attorney in his closing argument: "Had the defendant come into court and pleaded guilty and evidenced remorse for what had been done, I would have stood before the jury and joined in his request for leniency."

The court promptly sustained appellant's objection and instructed the jury to disregard the argument. Under the circumstances, we do not believe the bill reflects reversible error. If it be conceded that the remarks by the district attorney were improper, we are still unable to see how the same could have been of such prejudicial nature as to have affected the rights of appellant. The remarks complained of must not only be improper, but must also be of a material character, and such

as under the attending circumstances, are calculated to injuriously affect the defendant's rights before the jury. See Tweedle et al. v. State. 29 Texas Crim. Rep., 591; Bass v. State, 16 Texas Crim. Rep., 62; Williams v. State, 75 Texas Crim. Rep., 56.

The argument complained of in bill of exception number two was based upon testimony. One witness testified that immediately after the collision, he requested appellant to stop and see what they had struck, but the request was not complied with. Hence, the prosecuting attorney had a right to comment thereon, and draw reasonable deductions therefrom.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.