Steven Wayne PAXTON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–404–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1987.

Rehearing Denied May 28, 1987.

Brian D. Coyne, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson,
Patrick M. Kelly, Houston, for appellee.

Before PAUL PRESSLER, MURPHY
and ELLIS, JJ.

## OPINION

MURPHY, Justice.

Appellant was convicted by the jury of the offense of attempted burglary of a building. After a plea of true was entered to the enhancement allegations contained in the indictment, punishment was assessed at ninety-nine years confinement. In five points of error appellant complains that the trial court erred in failing to instruct the jury on the lesser included offense of criminal trespass, in failing to quash the indictment as it was presented in violation of Tex.Code Crim.Proc.Ann. art. 20.19 (Vernon 1977), in instructing the jury on good conduct time and parole and that the evidence is insufficient. We affirm.

The state's first witness testified that he was in his back yard when he saw appellant walk up to his neighbor's garage. Appellant looked around, reached into his back pocket, appeared to pull something out, and began prying on a window. After prying unsuccessfully on the window, appellant attempted to pry a nearby door. The witness went in his house and telephoned the police department. After placing the call, he went to the front window of his house with a pair of binoculars. Appellant was still prying on the window and door and when cars passed on the street appellant would kneel down behind a car parked in the driveway. Approximately five minutes after the witness first saw appellant, the police arrived and arrested appellant. An inspection of the garage window revealed that a piece of weather-stripping had been removed and placed on the hood of the vehicle that was parked in the driveway.

 In his first point of error appellant claims the trial court erred in failing to instruct the jury on the lesser included offense of criminal trespass. One of the arresting officers testified on cross-examination that when appellant was arrested he told the police that he lived in the neighborhood and was only passing by the complainant's home. Appellant argues that the officer's testimony raises some evidence that he was guilty only of the offense of criminal trespass. In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used: First, the lesser included offense must be included within the proof necessary to establish the offense charged; second, there must be evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Parr v. State*, 658 S.W.2d 620, 622 (Tex.Crim.App.1983). Tex.Pen. Code Ann. § 30.05 (Vernon Supp.1986), the criminal trespass statute, reads in pertinent part:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

(1) had notice that the entry was forbidden; or

(2) received notice to depart but failed to do so.

(b) For purposes of this section:

(1) "notice" means:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock; or

(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.

*Id.*

 Appellant's admission that he walked onto the complainant's property does not show the commission of an offense as there was no evidence of any notice that entry was forbidden as required by section 30.05. There is no evidence in the record that appellant is guilty of the lesser offense of criminal trespass, therefore the trial court did not err in refusing appellant's request for an instruction on the lesser included offense. Appellant's first point of error is overruled.

In his second point of error appellant complains that the trial court erred in overruling his motion to quash the indictment. Appellant contends that the indictment was defective because it was prepared prior to

the presentment of evidence and vote by the grand jury in violation of Tex.Code Crim.Proc.Ann. art. 20.19 (Vernon 1977) which states:

> After all the testimony which is accessible to the grand jury shall have been given in respect to any criminal accusation, the vote shall be taken as to the presentment of an indictment, and if nine members concur in finding the bill, the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment.

*Id.*

Appellant asserts that the failure of the state to follow the procedures set out in article 20.19 violated his rights to due process and due course of law under the United States and Texas Constitutions.

 The statutes do not indicate any particular manner in which the evidence must be presented to the grand jury. Because the indictment is not valid until signed by the foreman the state has not usurped the grand jury's authority by merely preparing the indictment in advance. *See* Tex.Code Crim.Proc.Ann. art. 21.02 (Vernon 1966) (requisites of a valid indictment include signature of grand jury foreman). This court, in *Leach v. State*, 726 S.W.2d 598 (Tex.App.—Houston [14th Dist.] 1987, no pet.), stated in dictum, with regard to pre-prepared indictments: "... appellant cites no authority, and we are not aware of any, that would prohibit the state, as a time saving matter, from preparing an indictment prior to the presentation of the case to the grand jury." *Id.* The trial court did not err in refusing to quash the indictment. Appellant's second point of error is overruled.

 In his third and fourth points of error appellant complains that the trial court erred in giving the jury instruction authorized by Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1986). The instruction on good conduct time and parole law authorized by article 37.07, section 4 is constitutional, unambiguous and not misleading. *See Ruiz v. State*, 726 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1987,

pet. pending). Appellant's third and fourth points of error are overruled.

 In his fifth point of error appellant complains that the evidence is insufficient to prove that he is the person who committed the offense. In our recitation of the facts we described the testimony of an eyewitness to the offense. The eyewitness made a positive, in court, identification of appellant as the person he saw committing the offense. After a review of the record before us, viewing the evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found appellant guilty of the offense beyond a reasonable doubt. *See Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). Appellants fifth point of error is overruled.

The judgment is affirmed.