David James MIZELL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–297–CR.

Court of Appeals of Texas,
Houston (14th Dist.)

May 28, 1987.

Will Outlaw, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

David James Mizell appeals a conviction for aggravated sexual assault. A jury found appellant guilty and, having found the enhancement paragraph true, assessed punishment at confinement for life.

Appellant brings four points of error: the trial court erred (1, 2) in admitting evidence of extraneous offenses and (3, 4) by including in the jury charge at the punishment phase an instruction on the law of parole. We affirm.

In the first point of error appellant contends the trial court erred in admitting, over objection, evidence of an extraneous sexual offense involving another female victim we will identify as L.S. Appellant claims the extraneous offense was not relevant to the issue of identity because the complainant's positive identification of appellant was not undermined during cross-examination and therefore identity was not a contested issue. However, at trial appellant presented an alibi defense to show he was at home with his family at the time of the assault against the complainant in the instant case. The trial court ruled the extraneous offense was admissible and gave the jury an instruction limiting their consideration of the extraneous offense to determination of appellant's identity only.

■ Before an extraneous offense is admissible the State must show that it is relevant to the primary offense and that its probative value outweighs its inflammatory or prejudicial effects. *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1984). The State contends the extraneous sexual offense was relevant to the issue of the identity of appellant who was a stranger to the complainant. *See Boutwell v. State*, 719 S.W.2d 164, 172 (Tex.Crim.App.1986). We agree.

■ An extraneous offense is admissible when offered on the issue of identity only (1) if the identity is a controverted issue and (2) if there are distinguishing characteristics common to both the extraneous offense and the offense for which the defendant is on trial. *Chambers v. State*, 601 S.W.2d 360 (Tex.Crim.App.1980). Because appellant presented the defense of alibi, he injected into this cause the issue of his identification. On cross-examination the defense weakened the complainant's

identification of appellant as her assailant.[1] Therefore, identity was a controverted issue.

■ Furthermore, the similarities between the two offenses are striking. In both offenses the following common characteristics were present: (1) appellant had been watching the victims for some time prior to the offenses; (2) both victims awakened in the early morning hours to find appellant naked in bed beside them; (3) appellant threatened to kill both victims with a sharp object in order to keep·them from screaming; (4) appellant first kissed both victims and then undressed them; (5) appellant had oral sex with both victims; (6) appellant originally assumed a position on top during sexual intercourse, but later had the victims assume other positions; (7) appellant did not ejaculate inside of either victim; (8) appellant smelled as if he had been drinking on both occasions; (9) appellant talked to both victims, letting both of them know he had been watching them; (10) appellant gained entry into the residences of both victims by prying open the point of entry; and (11) both offenses occurred on or near the same street in Northeast Houston. Because of these similarities the probative value of the extraneous offense is quite high. Since identity was the crucial issue, the need which the State had for introducing the extraneous offense was also great.

The prejudicial effect is determined in light of the fact that a limiting instruction was given telling the jury they could only consider the extraneous offense on the issue of identification. In weighing the probative value versus the prejudicial effect, we are compelled to conclude the extraneous offense was admissible on the issue of appellant's identity. The court did not err in admitting the extraneous sexual offense, and appellant's first point of error is overruled.

In his second point of error appellant claims the court erred in admitting evidence of threats appellant made during the

extraneous sexual offense. While being driven to the police station from the scene of the extraneous offense, appellant threatened his arresting officers and the victim, L.S. The evidence regarding the threats was offered during the State's proof of the extraneous offense. The State contends the threats were offered to prove appellant's guilt of the extraneous offense, not because they were supposedly related to the offense alleged in the indictment. Appellant maintains threats are only admissible to show the accused is guilty of the act *charged.*

Although we have found no case law which is directly on point to support either the State's or the appellant's assertion, we feel the State's position is the more tenable.

■ Since threats against witnesses are considered evidence of guilt, just as flight and suppression of evidence, it can be said they are automatically connected to the offense to which the threatened persons are witnesses. And, at trial, the State is required to prove even an extraneous offense beyond a reasonable doubt. *See Landers v. State,* 519 S.W.2d 115, 120 (Tex. Crim.App.1975). Therefore, we find the testimony regarding the threats was admissible as proof that appellant did indeed commit the extraneous offense being offered at trial on the issue of identity. Appellant's second point of error is overruled.

■ In his final two points of error appellant contends the trial court committed fundamental error by including, over objection, in the jury charge an instruction on the law of parole. However, appellant's reliance on *Rose v. State,* No. 05–85–1136–CR (Tex.App.—Dallas, August 11, 1986) is misplaced because the Fifth Court of Appeals has since withdrawn its opinion upon granting the State's motion for rehearing (September 12, 1986). Both the Second and the First Courts of Appeals have found that the instruction in question is not constitutionally invalid. *See Patton v. State,*

1. Counsel for appellant attempted to undermine complainant's identification by pointing out her failure to notice scars and tattoos on appellant and her erroneous estimate of his height and weight.

717 S.W.2d 772 (Tex.App.—Fort Worth 1986); *Clark v. State*, 721 S.W.2d 424 (Tex. App.—Houston [1st Dist.] 1986). Therefore, appellant's third and fourth points of error are without merit and are hereby overruled.

The judgment of the trial court is affirmed.