**Steven Wayne PAXTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 696–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

Brian D. Coyne, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson, Carol Cameron and Pat Kelly, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of attempted burglary of a building. V.T.C. A. Penal Code § 30.02 and § 15.01. After a plea of true was entered to the enhancement allegations in the indictment, the jury assessed a punishment of imprisonment for ninety-nine years in the Texas Department of Corrections. The Fourteenth Court of Appeals affirmed appellant's conviction in a published opinion. *Paxton v. State*, 730 S.W.2d 829 (Tex.App.—Houston [14th Dist.] 1987). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the trial court properly instructed the jury on the parole law. See Art. 37.07, § 4(a), V.A.C.C.P. We hold that the Court of Appeals did err and reverse this cause and remand it for a harmless error analysis pursuant to our opinion in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (on Court's own motion for rehearing) and Tex. R.App.Pro. 81(b)(2).

Appellant argues that Art. 37.07, § 4(a), supra, violates the separation of powers doctrine of Art. II, § 1 of the Texas Constitution. In *Rose*, supra, we held, inter alia, that this statute violated the separation of powers doctrine. We also held that if an instruction was given under Art. 37.07, § 4(a), supra, a harmless error analysis must be conducted pursuant to Tex.R.App. Pro. 81(b)(2) to determine whether a reversal of the trial court judgment is necessary.

Therefore, the judgment of the Court of Appeals is reversed. This cause is remanded to the Court of Appeals for a harm analysis consistent with this opinion.