**Ngoc Van LE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–86–213–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 22, 1988.

Catherine Greene Burnett, Houston, for appellant.

Kathlyn Giannaula, J. Sidney Crowley, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This case is before us on remand from the Court of Criminal Appeals so that we may reconsider Appellant's sixth point of error in light of *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988) (opinion on Court's own motion for rehearing). 761 S.W.2d 14.

On direct appeal, Appellant presented eight points of error. This court overruled each of these points of error and affirmed the judgment of the trial court. *Le v. State,* 733 S.W.2d 280 (Tex.App.—Houston [14th Dist.] 1987). The sixth point of error concerned the trial court's instruction to the jury on the law of parole pursuant to Tex.Code Crim.Proc.Ann. art. 37.07, § 4.

■ The Texas Court of Criminal Appeals has held this instruction to be an unconstitutional violation of the separation of powers and the due process provisions of the Texas Constitution. *Rose v. State,* 752 S.W.2d at 552. Therefore, the trial court's instruction was error. In determining whether reversible error has occurred in giving the parole law instruction, a harmless error analysis must be conducted pursuant to Tex.R.App.P. 81(b)(2). *Rose v. State,* 752 S.W.2d at 554. We must reverse the judgment unless we conclude beyond a reasonable doubt that the parole instruction did not contribute to the punishment assessed by the jury. Tex.R.App.P. 81(b).

In determining whether the error was harmless, we must consider whether the jury received a curative instruction with the charge, the particular facts of the offense in relation to the sentence imposed and the Appellant's criminal record. *Rose v. State*, 752 S.W.2d at 554.

After giving the statutory parole law instruction, the trial court admonished the jury as follows:

> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you.

An almost identical instruction was given in *Rose*. Because a reviewing court will generally presume that a jury follows the instructions given by the trial judge, it is assumed the jury followed the judge's admonishment that they must not consider the length of the sentence the defendant would be required to serve. *Rose v. State*, 752 S.W.2d at 554.

The facts of this offense support the assessed punishment. The record in this case reveals that Appellant and another man robbed the owners of a convenience store at gunpoint. Appellant forced the complainant, his wife and their son to the rear of the store, ordered them to lie face down on the floor, kicked the complainant in the head and covered his head with a curtain. The complainant attempted to take the gun from Appellant and a struggle ensued. During the struggle, the wife bit Appellant on the shoulder. The son was shot twice in the leg and the complainant was shot in the head at close range and killed. After the husband was killed, Appellant pointed the gun at the wounded son, but the wife begged him not to shoot again and he departed. At the time of his arrest, Appellant bore a large bite mark on his shoulder. Appellant attempted to flee when arrested and attempted to escape from the Harris County jail. Appellant was positively identified by the two remaining victims from a lineup conducted two days after the robbery. An eyewitness who saw Appellant and his companion exit the store also identified Appellant from a lineup.

The jury found Appellant guilty of aggravated robbery. At the punishment stage, the jury was presented with evidence that Appellant had previously been convicted in California in 1983 of a felony involving possession of a firearm. In addition, after being admonished of the consequences by his attorney, Appellant took the stand and stated "I would like to voluntarily ask for death." The prosecutor declined to make any jury argument at the punishment stage. The jury assessed his punishment at confinement in the Texas Department of Corrections for life and a $10,000 fine.

The presumption that the jury followed the curative instruction, together with the facts of the instant offense and Appellant's prior criminal record and statement during the punishment stage, indicate that the statutory parole law instruction did not affect Appellant's sentence. Therefore, we find beyond a reasonable doubt that the error in instructing the jury pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2). Point of error six is overruled.

Accordingly, the judgment of the trial court is affirmed.