David James MIZELL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–297–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 17, 1989.

Will Outlaw, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before JUNELL, SEARS and
DRAUGHN, JJ.

## OPINION ON REMAND

JUNELL, Justice.

A jury convicted appellant of aggravated sexual assault and assessed punishment, enhanced by a prior felony conviction, at confinement for life in the Texas Department of Corrections. The sentence was accumulated by the court on another life sentence then being served by appellant, also for an aggravated sexual assault.

On May 28, 1987, this court affirmed appellant's conviction, overruling four points of error, two of which were brought by appellant who challenged as unconstitutional an instruction in the jury charge on the law of parole which was then mandated under article 37.07 § 4 of the Texas Code of Criminal Procedure. *Mizell v. State*, 732 S.W.2d 384 (Tex.App.—Houston [14th Dist.] 1987).

On November 9, 1988, 761 S.W.2d 13, the Court of Criminal Appeals remanded the case to this court for reconsideration of the two specific overruled points in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1988) (opinion on Court's own motion for rehearing) and TEX.R.APP.PRO. 81(b)(2).

■ In *Rose v. State*, 752 S.W.2d at 552, the Court of Criminal Appeals held that article 37.07 § 4 of the Texas Code of Criminal Procedure violated the separation of powers doctrine in Article II § 1 of the Texas Constitution, as challenged in appellant's original submission. The *Rose* court also held that the instruction mandated by article 37.07 § 4(a) violates a defendant's right to due course of law as guaranteed by Article I ·§§ 13 and 19 of the Texas Constitution as well as article 1.04 of the Texas Code of Criminal Procedure. This holding is based on the fact there was a distinct possibility that jurors may speculate as to the application of parole to the accused, although this fact "can never be properly discovered and adequately determined," and, thus, there was the "risk that punishment will be based on extraneous considerations" when the instruction was employed and that fundamental fairness may be denied by its use.

■ The instruction given below was error and we must now determine whether that error resulted in harm to appellant, employing the standard set out in Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *Rose v. State*, 752 S.W.2d at 554. Accordingly, we must reverse unless we determine beyond a reasonable doubt that the giving of the instruction made no contribution to appellant's punishment. The factors to be considered in applying Rule 81(b)(2) are: (1) whether a curative instruction was given; (2) whether the prosecution invited consideration of the erroneous instruction; (3) whether the facts of the offense militate in favor of the sentence imposed; and (4) whether the defendant had a history of prior felony convictions. *Rose v. State*, 752 S.W.2d at 532, 554; *Taylor v. State*, 755 S.W.2d 548, 551 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Fast v. State*, 755 S.W.2d 515 (Tex. App.—Houston [14th. Dist.] 1988, no pet.).

■ The instructions given to the jury at the punishment phase of trial contained the following:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

The first four sections of the above are informative and the last is instructive. It is presumed that the jury follows the instructions of the trial court. *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App.1988) (opinion on Court's own motion for rehearing). Appellant does not demonstrate that the jury failed to follow the instruction of the court as presented and offers no direct evidence to rebut this presumption.

Nowhere in the record is there any indication that the State invited consideration of the challenged instruction. But the State did ask for the maximum sentence (and later moved for the court to accumulate sentence).

The range of punishment for appellant's offense, as shown in the jury charge, was not less than fifteen years nor more than ninety-nine years or life. The jury assessed punishment at the maximum possible for the offense after it heard the circumstances which we now review.

Appellant had been watching the complainant's home without her knowledge for some time prior to the offense. He broke into her apartment at night without detection by forcing open a window. Complainant awoke to find appellant lying naked on the bed beside her. Appellant put a knife to her face and threatened to kill her if she failed to cooperate. Appellant forced complainant to undress. He then engaged in oral sex with her, followed by sexual intercourse in various positions. Later, when complainant attempted to escape, appellant overpowered her and forced her back to the bed where he continued the sexual assault which went on for more than two hours.

When appellant brought an alibi defense, the State properly introduced an extraneous offense to establish appellant's identity. The jury heard another woman testify that in another incident appellant had broken and entered her home at night and committed an aggravated sexual assault having almost identical characteristics. The State made no point of this extraneous offense at the punishment phase. The jury learned at the punishment phase of trial that appellant had three prior felony convictions for burglary of a habitation, only one of which was the basis for enhancement of punishment. During deliberation on punishment, which took less than one hour, the jury sent out for State's exhibit number 25, in which this evidence of prior convictions appeared.

In final argument the defense offered a plea for mercy with justice because there was no killing or stabbing involved. Appellant's counsel asked that a life sentence not be imposed because of the possibility of rehabilitation. The only other punishment suggested was the minimum of fifteen years. The State focused almost entirely on the prior convictions of appellant. By coupling that record with the heinous, violent, outrageous and merciless nature of the offense committed against the complainant in her own home, the State argued for life imprisonment, implying that rehabilitation was impossible. The jury could have easily concluded from the evidence that there was no likelihood of rehabilitation.

Examining the entire record in a neutral and impartial manner we find beyond a reasonable doubt that the instruction to the jury, quoted above, had no effect on the sentence assessed as punishment to appellant in that it did not disrupt the jurors' orderly evaluation of the evidence in reaching the verdict on punishment. A rational trier of fact would have reached the same result had the instruction not been given.

The judgment of conviction is affirmed.