IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00002-CR

 

Tyrone Shepard,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-04424-CRF-361

 



MEMORANDUM  Opinion



 








          A jury convicted Tyrone Shepard of
burglary of a habitation, and the court assessed his punishment at eight years’
imprisonment.  Shepard’s appellate counsel filed an Anders brief
contending that the appeal presents no issues of arguable merit.  Shepard has
not filed a pro se brief or other response, though he was notified of
his right to do so.[1]  We
will affirm.




Excited Utterances

          Shepard’s appellate counsel identifies
one potential issue, namely, whether the court abused its discretion by
admitting an officer’s testimony regarding statements the complainant made when
the officer responded to the burglary dispatch.

          The complainant Veronica Franklin
called 9-1-1 at about 5:20 in the morning to report that Shepard was refusing
to leave the premises of the apartment complex where Franklin lived with their infant
son.  The officers who responded to this call talked with Franklin and with
Shepard and instructed him to leave the premises.[2] 
Shepard complied, and the officers left the premises at about 6:00.

          A few minutes later, Franklin heard
someone trying to kick open the door to her apartment.  She grabbed her son and
the cordless phone and hid in the bathroom as the intruder entered the
apartment.  She braced herself against the bathroom door and made a second call
to 9-1-1 at about 6:15.  When the officers returned, they found that the door
to her apartment had been forced open.  Officer Anderson saw Shepard walking
away from the apartment complex.  Officer Sheets went inside and found Franklin
and her son in the bathroom.

          Franklin testified that she did not
recall telling Officer Sheets after the first incident that Shepard had
threatened to kill her if he had to kick the door in.  She testified that she
did not know who broke into her apartment because the intruder never said anything.

          Officer Sheets testified over Shepard’s
hearsay objection that Franklin was upset and crying and appeared to be
frightened when Sheets responded to Franklin’s first call that morning.  Franklin told Sheets on that occasion that Shepard was the person knocking on her apartment
door and that Shepard had threatened to kill her if he had to kick her door in.

          When Sheets responded to Franklin’s second call, Franklin was “crying,” “visibly upset,” and “looked frightened.”  Franklin appeared more upset this time than the first.  As Sheets tried to calm Franklin down, “[s]he started to rattle off about Tyrone kicking the door in.”

          Shepard objected that Sheets’s
testimony was inadmissible hearsay, or at most, should be admissible only to
impeach Franklin’s testimony.  The court overruled Shepard’s objection and
admitted the testimony without limitation.

          This type of evidence has been
routinely held admissible under the excited-utterance exception to the hearsay
rule.  See, e.g., Zuliani v. State, 97 S.W.3d 589, 595-96 (Tex. Crim.
App. 2003); White v. State, 201 S.W.3d 233, 245-46 (Tex. App.—Fort Worth
2006, pet. ref’d); Lagunas v. State, 187 S.W.3d 503, 512-13 (Tex.
App.—Austin 2005, pet. ref’d); Campos v. State, 186 S.W.3d 93, 99-100
(Tex. App.—Houston [1st Dist.] 2005, no pet.).  Thus, we agree with Shepard’s
counsel that the court’s decision to admit this testimony does not present an
issue of arguable merit.  See Villanueva v. State, 209 S.W.3d 239,
247-48 (Tex. App.—Waco 2006, no pet.) (determination of proper outcry witness
not issue of arguable merit).

Other Potential Issues

          Our independent review of the record
reveals other instances when Shepard objected to evidence offered by the State.[3] 
When Franklin testified that Shepard sent her a letter threatening to report
her to the district attorney for violating her community supervision if she did
not drop the charges, Shepard objected that the probative value of this
evidence was substantially outweighed by the danger of unfair prejudice,
particularly because Shepard mentioned in the letter that he was facing
imprisonment for 5 to 99 years.[4]  This
type of evidence has long been held admissible as tending to show consciousness
of guilt.  See Ransom v. State, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996)
(op. on reh’g); Love v. State, 35 Tex. Crim. 27, 29 S.W. 790, 791
(1895); Johnson v. State, 208 S.W.3d 478, 500 (Tex. App.—Austin 2006,
pet. ref’d); Madden v. State, 911 S.W.2d 236, 243 (Tex. App.—Waco 1995,
pet. ref’d).  The obscure reference to a potential range of punishment did not
cause the probative value of this evidence to be substantially outweighed by
the danger of unfair prejudice.  Thus, no abuse of discretion is shown by the
admission in evidence of the letter.

          Shepard also objected on the basis of hearsay
when the State introduced an exhibit listing the data entries made by the 9-1-1
operator when Franklin called while hiding with her son in the bathroom.  The
9-1-1 operator established the predicate for admission of this document as a
business record, and Franklin's statements contained therein are admissible as
excited utterances.  Texas courts have routinely admitted such evidence.  See
Cook v. State, 199 S.W.3d 495, 498 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); Neal
v. State, 186 S.W.3d 690,
693-94 (Tex. App.—Dallas 2006, no
pet.); Kearney v. State, 181 S.W.3d 438, 443 (Tex. App.—Waco 2005, pet. ref'd); Sierra v. State, 157 S.W.3d 52, 63 (Tex. App.—Fort Worth 2004), aff’d,
No. PD-453-05, 2007 WL 840483 (Tex. Crim. App. Mar. 21, 2007).

Thus, no abuse of discretion is shown by the
admission of the 9-1-1 evidence.

          Finally, Shepard objected to the
introduction of evidence that he returned to Franklin’s apartment about two
weeks later and tried to kick the apartment door in and later called Franklin and threatened to harm her.  The court admitted this evidence for the limited
purpose of proving identity.

          Evidence of an extraneous offense is
admissible to prove identity when the issue of identity is contested and the
extraneous offense is “so similar to the charged offense that the offenses
illustrate the defendant’s ‘distinctive and idiosyncratic manner of committing
criminal acts.’”  Page v. State, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006)
(quoting Martin v. State, 173 S.W.3d 463, 468 (Tex. Crim. App. 2005)). 
The issue of identity was contested in Shepard’s trial because Franklin testified that she did not know who broke into her apartment on the occasion in
question.  Texas courts have routinely held such evidence admissible under
circumstances similar to those presented in Shepard’s case.  See Davis v. State, 180 S.W.3d 277, 285 (Tex. App.—Texarkana 2005, no pet.); Thomas v.
State, 126 S.W.3d 138, 145-46 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); Booker v. State, 103 S.W.3d 521, 532-33 (Tex. App.—Fort Worth 2003,
pet. ref’d); Faison v. State, 59 S.W.3d 230, 242 (Tex. App.—Tyler 2001,
pet. ref’d).  Thus, the court did not abuse its discretion by admitting
evidence that Shepard tried to break into Franklin’s apartment two weeks after
committing the charged offense.

          The evidence that Shepard later called
and threatened Franklin is not probative on the issue of identity.  But see
Mizell v. State, 732 S.W.2d 384, 386 (Tex. App.—Houston [14th Dist.] 1987)
(“testimony regarding the threats was admissible as proof that appellant did
indeed commit the extraneous offense being offered at trial on the issue of
identity”), rev’d on other grounds, 761 S.W.2d 13 (Tex. Crim. App. 1988)
(per curiam).  However, an appellate court should affirm a trial court’s decision
“if it is reasonably supported by the record and is correct on any theory of
law applicable to the case.”  State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  Here, evidence of Shepard’s later threats was admissible as
evidence of consciousness of guilt.  See Ransom, 920 S.W.2d at 299; Love,
29 S.W. at 791; Johnson, 208 S.W.3d at 500; Madden, 911 S.W.2d at
243.  Thus, the court did not abuse its discretion by admitting evidence that
Shepard later called and threatened Franklin.

Conclusion

          Having reviewed the sole potential
issue raised by counsel and having conducted an independent review of the
record, we hold that Shepard’s appeal presents no issues of arguable merit. 
Accordingly, we affirm the judgment.  Counsel must advise Shepard of our
decision and of his right to file a pro se petition for discretionary review.  See
Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006);
Villanueva, 209 S.W.3d at 249; see also Meza v. State, 206 S.W.3d
684, 689 n.23 (Tex. Crim. App. 2006).  We grant counsel’s request to withdraw,[5]
effective upon counsel’s advising Shepard of our decision and of his right to
file a pro se petition for discretionary review.  See Meza, 206 S.W.3d at
689 & n.23; Villanueva, 209 S.W.3d at 249.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs only in the judgment, but not the opinion, of the Court,
without issuing a separate opinion.)

Affirmed

Opinion delivered and
filed May 9, 2007

Do not publish

[CR25]









[1]
          Shepard did file a pro se
motion for an extension of time to file a brief or response, but this motion
was struck because Shepard failed to provide proof of service despite being
advised in a letter from the Clerk of this Court that service was required and
that failure to comply may result in the striking of the motion.





[2]
          Shepard did not live in this
apartment complex and was not on Franklin’s lease.





[3]
          We refer here to only a few
instances when Shepard objected to the admission of evidence.  Shepard made
other objections as well, but none of them concerned a ruling which would give
rise to an issue of arguable merit on appeal.





[4]
          This range of punishment would
apply only if enhancement allegations were found true because the State alleged
that Shepard entered Franklin’s apartment with the intent to assault her, a
second degree felony.  See Tex.
Pen. Code Ann. § 30.02(c)(2) (Vernon 2003).





[5]
          Shepard’s counsel incorporated
his request to withdraw in the Anders brief rather than filing a
separate motion.