Antonio Jose TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–455–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1982.

Jo Nelson, Houston, for appellant.

Roberto Gutierrez, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Antonio Jose Torres (appellant) appeals his conviction by a jury for aggravated robbery, enhanced by a prior felony conviction. Punishment was assessed at twenty years confinement. At issue are appellant's contentions that the trial court erred by overruling his motion for directed verdict of not guilty because of insufficient evidence identifying appellant as committing the offense, lack of corroboration of an accomplice's testimony and admitting the complainant's in-court identification testimony. We affirm.

The complainant, Robert H. May, was at home refurnishing furniture in his garage on the afternoon of February 27, 1980. Hearing footsteps he turned and greeted appellant who grabbed him, pointed a gun to his head and threatened to shoot if May failed to "be still." In the process of the attack, appellant took off May's glasses, covered his eyes, and relieved him of his keys and wallet. A second man, Jose Luis Perez (Perez), appeared and assisted appellant in carrying May inside his home and tying him up. The men proceeded to ransack the house. After he determined they had left, May called the Houston Police Department. Officers testified that their investigation led them to Perez who consented to their searching his apartment which search produced May's glasses. Perez led the officers to a motel where they observed appellant in the vehicle used in the robbery and ascertained appellant to be the owner of the vehicle. The officers stopped the car, returned to appellant's room and searched it pursuant to appellant's signing a voluntary consent form. That search produced the gun May identified as the one used by appellant and other weapons. Two other individuals, Benny Martinez and Vincente Cabrera, other suspects in the robbery, were also arrested.

Appellant's first and second grounds of error assert there was insufficient evidence identifying him as the person who committed the offense and, therefore, the court should have granted him an instructed verdict of not guilty. Appellant maintains this insufficiency stemmed from the fact that only Perez' uncorroborated testimony linked him to the crime, because of May's failure to positively identify him at the line-up and May's self-impeachment by inconsistent testimony at trial. Tex.Code Crim.Pro.Ann. art. 38.14 requires corroboration of an accomplice's identification of the accused (Vernon 1979). The Court of Criminal Appeals has held, however, that a witness' identification, even if less than positive, is sufficient to corroborate an accomplice's testimony. Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1979); *Valenciano v. State*, 511 S.W.2d 297, 299–300 (Tex.Cr.App. 1974); *Griffin v. State*, 486 S.W.2d 948, (Tex.Cr.App.1972); *Jenkins v. State*, 484 S.W.2d 900, 902 (Tex.Cr.App.1972). The test as to sufficiency of the corroborative evidence is whether, after eliminating the accomplice's testimony, the other evidence tends to connect defendant with commission of the offense, i.e., make the accomplice's testimony more likely than not. Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1979); *Passmore v. State*, 617 S.W.2d 682, 684 (Tex.Cr.App.1981); *Sheets v. State*, 606 S.W.2d 864, 866 (Tex.Cr.App.1980); *Brown v. State*, 561 S.W.2d 484, 487 (Tex.Cr.App. 1978). Such corroborative evidence need

not be sufficient itself to establish the accused's guilt. *Pinson v. State*, 598 S.W.2d 299, 302–303 (Tex.Cr.App.1980). We accordingly overrule appellant's first and second grounds of error.

Appellant's third and fourth grounds of error challenge the propriety of the trial court's admitting May's in-court identification of appellant because allegedly suggestive police procedures tainted the lineup and defense counsel was not present. Appellant's reliance on the numerous authorities he cites for his contention is misplaced for these authorities are directed to situations where the possibility of a misidentification of the accused exists. *See, Manson v. Braithwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Simmons v. State*, 390 U.S. 377 (1967). The record before us is replete with evidence, e.g., the physical evidence of the stolen items and Perez' testimony, other than that provided by May, identifying appellant as the person who committed the crime. Moreover the record shows that the photographs and line-up were composed of Mexican-American men and that May identified appellant only. To determine whether an in-court identification has been tainted by impermissible line-up procedures, the Court must apply a totality of the circumstances test. *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The procedures employed here indicate May was shown six photographs, all of Mexican-American men of similiar physical make-up as appellant and that May immediately identified him, paying no attention to the other photos. At the subsequent line-up, May also immediately identified appellant, according to his testimony, on the basis of facial identification and not appellant's clothing. We fail to find these procedures suggestive in that they created no substantial likelihood of irreparable misidentification. *See, United States v. Ochoa*, 543 F.2d 564 (5th Cir. 1976); *Turner v. State*, 600 S.W.2d 927 (Tex.Cr.App.1980); *Demouchette v. State*, 591 S.W.2d 488 (Tex.Cr.App.1979); *Doescher v. State*, 578 S.W.2d 385 (Tex.Cr.App.1978). We overrule appellant's third ground of error.

Appellant's fourth ground of error is without merit and overruled. The record shows the line-ups occurred on March 2nd and 3rd, and appellant was indicted on March 26th. When a line-up is conducted prior to the initiation of adversary proceedings against an accused, the line-up is investigative and sixth amendment rights have not attached. *Thomas v. State*, 605 S.W.2d 290, 292 (Tex.Cr.App.1980).

Affirmed.