Lazaro Guanes **TORRES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–85–0257–CR.

Court of Appeals of Texas, Amarillo.

Jan. 27, 1987.

Discretionary Review Granted April 15, 1987.

Pamela C. Oglesby, Amarillo, for appellant.

Rebecca Baker, Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of voluntary manslaughter under an enhanced indictment, Tex.Penal Code Ann. § 19.04(a) (Vernon 1974), and sentenced to serve 99 years in the Texas Department of Corrections and pay a $10,000 fine. He attacks the judgment of conviction by two grounds of error, contending (1) the trial court's parole law instruction to the jury was unconstitutional, and (2) the prosecutor improperly commented to the jury on appellant's failure to testify. We affirm.

By his first ground, appellant contends the parole law instruction mandated by Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1986)[1] improperly places the

---

1. All references to articles are to the articles of the Code of Criminal Procedure. As required by section 4(a) of article 37.07, the trial gave the jury the following instruction at the punishment phase of the trial:

> You are instructed that under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or 20 years, whichever is less, without consideration of any good

matter of parole before the jury, violates his due process rights under the Texas and U.S. Constitutions and violates his right under the eighth amendment to the U.S. Constitution to be free from cruel and unusual punishment. We will resolve each contention in the order stated.

The Court of Criminal Appeals has consistently condemned jury discussion of parole eligibility. *See, e.g., Price v. State,* 150 Tex.Crim. 161, 199 S.W.2d 168, 171 (1947); *Pena v. State,* 137 Tex.Crim. 311, 129 S.W.2d 667, 669 (1939); *Clark v. State,* 76 Tex.Crim. 348, 174 S.W. 354, 356–57 (1915).[2] The Court has, however, permitted the trial judge to instruct the jury not to consider or discuss any possible actions of the Board of Pardons and Paroles or of the Governor or how long a defendant would be required to serve in order to satisfy his sentence. *Williams v. State,* 668 S.W.2d 692, 701 (Tex.Crim.App.1983); *Freeman v. State,* 556 S.W.2d 287, 304 (Tex.Crim.App.1977); *Speights v. State,* 499 S.W.2d 119, 122 (Tex.Crim.App.1973); *Harris v. State,* 457 S.W.2d 903, 914 (Tex. Crim.App.1970), *rev'd on other grounds,* 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971). Recently, in *Sneed v. State,* 670 S.W.2d 262, 264–66 (Tex.Crim.App.1984), the Court made it clear that any error in jury discussion of the parole laws is grounded on a violation of §§ 7 and 8 of article 40.03 of the Code of Criminal Procedure.[3]

▆ Thus, our initial inquiry is whether the legislative mandate in section 4 of article 37.07, to instruct the jury on parole eligibility can be permitted in contravention of the foregoing authorities. In resolving that question, we must follow certain well established principles. The Code Construction Act provides that a statute is presumed to be in compliance with state and federal constitutions. Tex.Gov't Code, § 311.021 (Vernon Pamph.1986). It further states that "if statutes enacted at the same

---

conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

In determining the punishment in this case, you are instructed that you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours.

2. A review of the authorities from other jurisdictions shows that the majority has concluded that it is prejudicial error for a trial judge to instruct the jury that a prison sentence may be reduced as a result of parole or pardon. Annot., 12 A.L.R.3d 832, 835–43 (1967). *See also Andrews v. State,* 251 Ark. 279, 472 S.W.2d 86, 92 (1971); *People v. Morse,* 60 Cal.2d 631, 36 Cal.Rptr. 201, 388 P.2d 33, 46 (1964); *State v. Brooks,* 271 S.C. 355, 247 S.E.2d 436, 438 (1978); *Hinton v. Commonwealth,* 219 Va. 492, 247 S.E.2d 704 (1978); *State v. Lindsey,* 160 W.Va. 284, 233 S.E.2d 734, 736 (1977). A minority of jurisdictions has concluded that there is no error in instructing the jury on the rules of pardon and parole. *Tyson v. State,* 270 Ind. 458, 386 N.E.2d 1185, 1191 (1979); *McKee v. State,* 159 Fla. 794, 33 So.2d 50 (1947). A number of other jurisdictions have determined that error was harmless under the circumstances of a particular case. *See* Annot., 12 A.L.R.3d 832, §§ 4, 6 (1967). In reviewing these cases, we have not found any case holding that an instruction concerning parole eligibility was violative of a minimum constitutional standard.

3. Tex.Code Crim.Proc.Ann. art. 40.03, §§ 7, 8 (Vernon 1979).

Those sections state:
New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:
\* \* \* \* \* \*
(7) Where the jury, after having retired to deliberate upon a case, has received other evidence ...
(8) Where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial. It shall be competent to prove such misconduct by the voluntary affidavit of a juror; and the verdict may, in like manner, be sustained by such affidavit.

or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." *Id.* § 311.025. The Code Construction Act is pertinent to "each amendment ... of a code or code provision by the 60th or a subsequent legislature." *Id.* § 311.002(2). And it is applicable to the Code of Criminal Procedure. *Barbee v. State,* 432 S.W.2d 78, 82 (Tex.Crim.App. 1968), *cert. denied,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969); *Ceaser v. State,* 624 S.W.2d 669, 671 (Tex.App.— Beaumont 1981, no pet.). The courts are bound to ascertain the legislative intent from the language of the statute. *Faulk v. State,* 608 S.W.2d 625, 631 (Tex.Crim. App.1980); *Newsom v. State,* 372 S.W.2d 681, 683 (Tex.Crim.App.1963).

By enacting section 4 of article 37.07, the legislature has evidenced its intention to override common law decisions and statutory provisions that prohibit instructions to the jury on the parole laws. Unless there is a constitutional bar to such an instruction (and we conclude in subsequent paragraphs of this opinion that there is not) the legislature clearly has the right to direct such an instruction. Thus, prior decisions of the Court of Criminal Appeals, and §§ 7 and 8 of article 40.03 of the Code of Criminal Procedure, must be subordinate to the new statute. We conclude, therefore, that it is no longer improper to instruct a jury on the parole laws in the manner directed by section 4 of article 37.07.

■ We next consider appellant's due process attack on the instruction. In *Clark v. Lockhart,* 512 F.2d 235 (8th Cir.) *cert. denied,* 423 U.S. 872, 96 S.Ct. 139, 46 L.Ed.2d 103 (1975), an Arkansas prisoner sought habeas corpus relief, contending an instruction regarding parole eligibility was a violation of the due process clause of the fourteenth amendment. In that case, the trial judge instructed the jury on the rules concerning good time credits and parole eligibility under a sentence for a definite term of years. Later, upon questioning

from the foreman and another juror, the judge orally informed the jury that there was no provision for parole on a life sentence. He additionally informed them that only the governor could commute a life sentence to a definite term of years, thereby making the accused parole eligible. The prisoner received a seventy-five year sentence for rape. On appeal the Arkansas Supreme Court ruled that such instructions were prejudicial but limited its ruling to prospective operation. Under the circumstances, the Eighth Circuit concluded, the instructions did not deny the accused fundamental fairness nor due process of law. *Id.* at 237.

We reach the same conclusion here. The instructions are accurate and we find nothing in this record to indicate that they deny appellant fundamental fairness or due process, under either the United States or Texas Constitutions. *Accord: Clark v. State,* 721 S.W.2d 424 (Tex.App.—Houston [1st Dist.] 1986, pet. pending); *California v. Ramos,* 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983).

■ Our final inquiry is whether the instruction violates the eighth amendment to the U.S. Constitution, which prohibits cruel and unusual punishment. Appellant contends the only purpose of the instruction is to increase the amount of punishment a jury assesses.[4]

Initially, we observe that the eighth amendment is not violated because a state reaches a conclusion different from the majority of other jurisdictions over how to administer its criminal laws. *Spaziano v. Florida,* 468 U.S. 447, 464, 104 S.Ct. 3154, 3165, 82 L.Ed.2d 340 (1984). The amendment has been interpreted in a flexible manner, but it is primarily concerned with prohibiting torture and other barbarous methods of punishment. The eighth amendment also prohibits punishments that involve wanton and unnecessary infliction

**4.** Appellant had previously been convicted and sentenced to 99 years confinement before the parole instruction became law. However, in No. 07-83-0348-CR, we reversed the judgment and remanded for a new trial because a portion of the prosecutor's argument constituted an impermissible comment on appellant's failure to testify. Appellant has again received a 99 year sentence, accompanied this time by a $10,000 fine.

of pain or are grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). Additionally, the amendment imposes a substantive limit on what can be made and punished as a crime. *See Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). There is no static test for deciding whether the amendment is violated, *Rhodes v. Chapman*, 452 U.S. at 346, 101 S.Ct. at 2398; *Gregg v. Georgia*, 428 U.S. 153, 172–3, 96 S.Ct. 2909, 2924–25, 49 L.Ed.2d 859 (1976), but in construing the amendment, the Supreme Court has concluded that procedures and penalties more severe than the instruction in question are constitutional. *Spaziano v. Florida, supra; Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Consequently, we find no authority or rationale which would compel us to find an eighth amendment violation. Ground of error one is overruled.

By his second ground of error, appellant contends the prosecutor commented, during the punishment argument, on appellant's failure to testify at the punishment phase as follows:

> The amount of justice that he has learned is that you can get away with it, because they ain't going to punish you; and that's what that man thinks, and that's what his acts have shown.

Appellant immediately objected that the argument was a comment on his failure to testify and the trial court overruled this objection.

■ A prosecutor's comment on an accused's failure to testify offends the federal constitution, the state constitution and article 38.08 of the Code of Criminal Procedure, unless the accused testifies at his trial. However, when the accused takes the stand as a witness, he waives his right to remain silent and is subject to the same rules as other witnesses. *Bridges v. State*, 624 S.W.2d 718, 719 (Tex.App.—Houston [14th Dist.] 1981, pet. ref'd), *cert. denied*,

456 U.S. 1010, 102 S.Ct. 2304, 73 L.Ed.2d 1306 (1982). *See Paster v. State*, 701 S.W.2d 843, 849 (Tex.Crim.App.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1240, 89 L.Ed.2d 348; *Simpkins v. State*, 590 S.W.2d 129, 136 (Tex.Crim.App.1979).

In this case, appellant testified during the guilt or innocence phase of the trial. Consequently, the prosecutor's argument, although made at the punishment stage, must be tested by the same rules that are applied to argument derived from the testimony of other witnesses.

■ It is axiomatic that the approved areas of jury argument are: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). However, argument outside these areas will not constitute reversible error unless, in examining the record as a whole, the court can conclude that the argument is extreme or manifestly improper, violative of a statute, or injects new facts harmful to the defendant. *Id.* at 297. We also note that in assessing punishment the jury may consider all the evidence adduced at trial on guilt or innocence. *Duffy v. State*, 567 S.W.2d 197, 208 (Tex.Crim.App.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978); *Felder v. State*, 564 S.W.2d 776, 778 (Tex.Crim.App.1978), *cert. denied*, 440 U.S. 950, 99 S.Ct. 1433, 59 L.Ed.2d 640 (1979); *Brock v. State*, 556 S.W.2d 309, 316 (Tex.Crim.App.), *cert. denied*, 434 U.S. 1002, 98 S.Ct. 647, 54 L.Ed.2d 498 (1977).

In this case, there is evidence that (1) appellant was convicted of unauthorized use of a motor vehicle; (2) appellant was placed on probation for a period of three years; (3) an arrest warrant based upon an alleged probation violation was issued within three months of the date appellant was granted probation; (4) appellant's probation was revoked on February 7, 1983, and he was sentenced to two years in the Texas Department of Corrections; (5) appellant was given credit for approximately 11 months of time served; and (6) appellant

committed the instant offense on or about June 10, 1983. Applying the appropriate criteria, we are satisfied the argument was a reasonable deduction from the evidence.

▮ Appellant also argues that the prosecutor injected evidence outside the record when prosecutor made the following statement during the punishment phase:

Now, what did he learn, what did he learn from that? He learned that when you come to America on a boat, whether you are sent or you come, what ever, and you get processed out of this detention, this Marielito, and you come into our community and you commit felonies right off the bat, that we are going to slap your hand a little bit and we are going to send you down there. And before you get your bunk warm, you are back up here and you can kill a man.

In reviewing this argument under the standards in *Todd v. State, supra,* we find that the argument was a reasonable deduction from the evidence. In addition to the evidence already referenced, the record shows that appellant (1) entered the borders of the United States in 1980 through the Port of Mariel; (2) was known as a Marielitos; (3) was born in Cuba; (4) was detained in Arkansas as a refugee; (5) arrived in Amarillo in 1982; and (6) was convicted of unauthorized use of a vehicle, alleged to have been committed on or about January 7, 1982.

▮ Moreover, appellant made no objection to the argument. Thus, nothing is preserved for review and his challenge is waived. *Hawkins v. State,* 628 S.W.2d 71, 73 (Tex.Crim.App.1982); *Sanchez v. State,* 589 S.W.2d 422, 424 (Tex.Crim.App.1979).

▮ Appellant also argues that the quoted argument encouraged the jury to consider good time credits and parole, in violation of the court's instruction that they were not to consider the length of time that he would be required to serve on an imposed sentence. That contention was not preserved by objection in the trial court and is not preserved for review. *Bouchillon v.*

*State,* 540 S.W.2d 319, 322 (Tex.Crim.App. 1976). Ground of error two is overruled.

The judgment is affirmed.