NGOC VAN LE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–213–CR

Court of Appeals of Texas,
Houston (14th Dist.).

May 14, 1987.

Discretionary Review Granted
Sept. 23, 1987.

Catherine Greene Burnett, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Sid Crowley, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for aggravated robbery. Appellant was found guilty by a jury and his punishment was assessed at confinement for life in the Texas Department of Corrections and a $10,-000 fine. We affirm.

Appellant asserts eight points of error. In his first point of error he challenges the trial court's denial of his motion to dismiss pursuant to the Speedy Trial Act.

Appellant was arrested on September 10, 1985, and held in custody continuously until trial. The State did not file a written announcement of ready. A motion to dismiss for want of a speedy trial was filed on March 6, 1986, and a hearing on that motion was held on March 10, 1986. The record reflects that the case was reset twice, from December 12, 1985, to December 19, 1985, and from December 19, 1985, to December 23, 1985, for hearings on Appellant's pretrial motions. On January 8, 1986, Appellant's attorney signed a reset form setting the case for trial on March 10, 1986. Although he struck the language stating that this was an "agreed" setting and replaced it with "acknowledges," he nonetheless signed the form and thereby agreed that the case would be tried on March 10, 1986. He made no Speedy Trial Act claim at that time. A defendant cannot agree to a certain trial setting date and then later complain that it is beyond the period prescribed by the Speedy Trial Act. If he does not agree to the trial date he should make his Speedy Trial Act claim known to the trial court prior to entering into a trial setting agreement.

The Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1987), provides in pertinent part that:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

· · · · · ·

If a defendant files a motion to dismiss for failure to comply with the Act, the State must declare its readiness then and at all times required by the Act. *Philen v. State*, 683 S.W.2d 440, 443 (Tex.Crim.App. 1984). Such a declaration is a prima facie showing of conformity with the Speedy Trial Act that the defendant may rebut with evidence demonstrating that the State was not actually ready for trial within the prescribed period. *Mendoza v. State*, 636 S.W.2d 198, 201 (Tex.Crim.App.1982); *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.

Crim.App.1979); *Mullen v. State*, 722 S.W.2d 808, 811 (Tex.App.—Houston [14th Dist.] 1987, no pet.). The declaration need not be made until the Act is timely and properly invoked by the defendant and may be made at the hearing on the motion to set aside the indictment. *Teamer v. State*, 685 S.W.2d 315, 318 (Tex.Crim.App.1984); *Philen v. State*, 683 S.W.2d at 443. Failure to rebut this prima facie showing will justify the trial court's denial of the defendant's motion. *Philen v. State*, 683 S.W.2d at 443.

■ At the hearing on March 10, 1986, the prosecutor stated that he was ready then and was ready at all times since November 26, 1985, the date of indictment. Appellant sought to show that the State was not actually ready because the prosecutor had not contacted all of his witnesses within the statutory period. However, the prosecutor testified that he had talked with all except two of the witnesses he intended to call in the case. Prior to indictment, this case was twice set for an examining trial and the prosecutor talked with the witnesses in order to prepare the State's case against Appellant. Further, one of those contacted was his key witness whose testimony alone was sufficient to obtain a conviction. Only two witnesses had not been contacted on this date and Appellant made no showing that they were key witnesses without whom the State could not be ready for trial. The evidence adduced by Appellant was insufficient to rebut the State's prima facie showing of ready. *See Simonsen v. State*, 662 S.W.2d 607, 610 (Tex.App. —Houston [14th Dist.] 1983, pet. ref'd). Appellant's first point of error is overruled.

In his second point of error, Appellant contends that the trial court erred in overruling his objection to the competency of a child witness.

Ten year old Jacqueline Jackson was called as a witness during a hearing outside the presence of the jury on a motion to suppress the in-court identification. Appellant raised the following objection to her testimony:

MR. CEASE: If it please the Court, pursuant to Rule 601A of the Texas Rules of Evidence, I believe the requirement, since this witness is only ten years old, is for the Court to determine her competency. And at this time since a proper predicate has not been laid and a determination made, I would object to any testimony involving identification.

THE COURT: Counsel, involving her competency, the Court has had an opportunity to view this lady and she is ten years old and I find she is competent to testify.

What was your second objection?

MR. CEASE: That was my objection, Your Honor. Please note my exception. Although I would just point out to the Court, it appears that a requirement exists that the court actually examine the witness to determine competency.

THE COURT: I will be happy to.

The Court then examined the witness and found her to be competent.

■ Appellant contends that the court's questioning fell short of establishing the witness' competency because it did not determine whether she understood her responsibility to tell the truth. However, it is clear from the record that Appellant's objection was to the court's failure to conduct an examination of the witness to determine her competency. In response to this objection, the court conducted an examination of the witness and found her to be competent to testify. The court asked if Appellant had any further objections to the witness and Appellant replied in the negative. Appellant received all the relief he requested. He made no objection at trial to the witness' competency and he may not do so for the first time on appeal. *Lujan v. State*, 626 S.W.2d 854, 860 (Tex.App.—San Antonio 1982, pet. ref'd).

■ Even if the competency issue had been preserved for review, the record reflects no error. The competency of a child witness is a question for the trial court and its finding will not be disturbed absent an abuse of discretion. *Heckathorne v. State*, 697 S.W.2d 8, 11 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Our review of the child's entire testimony as well as her an-

swers during the preliminary examination reveals no abuse of discretion in the trial court's determination that the witness was competent to testify. *Garcia v. State,* 573 S.W.2d 12, 14 (Tex.Crim.App.1978); *Fields v. State,* 500 S.W.2d 500, 503 (Tex.Crim.App.1973); *See Thomas v. State,* 669 S.W.2d 420, 424 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Appellant's second point of error is overruled.

In his third point of error, Appellant asserts that the trial court erred in admitting evidence of a pretrial lineup. His contention is that this evidence was inadmissible because he was not represented by counsel at the time the lineup was held.

The record reflects that Officer J.W. Ellis of the Houston Police Department conducted the lineup at 10:00 p.m. on September 10, 1985. Appellant participated in this lineup and was identified by four witnesses. Officer Ellis testified that prior to the lineup Appellant had been told by a magistrate and by officers present at the time of the lineup that he had a right to the presence of an attorney. The officer testified that Appellant waived that right and signed a written waiver.

█ The right to counsel under the Sixth Amendment attaches only upon or after formal initiation of judicial proceedings. *McCambridge v. State,* 712 S.W.2d 499, 502 (Tex.Crim.App.1986); *Forte v. State,* 707 S.W.2d 89, 91 (Tex.Crim.App.1986). The Texas Constitution has been construed by the courts of our state as providing no broader protection than the United States Constitution. *Foster v. State,* 713 S.W.2d 789, 790 (Tex.App.—Houston [1st Dist.] 1986, pet. granted); *Growe v. State,* 675 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1984, no pet.). When a lineup is conducted following the defendant's arrest, but before any arraignment, indictment or formal charges are brought, the lineup is merely investigatory in nature. *Thomas v. State,* 605 S.W.2d 290, 292 (Tex.Crim.App.1980); *Torres v. State,* 632 S.W.2d 844, 846 (Tex.App.—Houston [14th Dist.] 1982, no pet.). The evidence shows that a felony complaint was filed against Appellant at 1:00 a.m. on September 11, 1985, several hours *after* the lineup was conducted. The third point of error is overruled.

In point of error four, Appellant maintains that the trial court erred in admitting into evidence facts showing that he resisted arrest for the charged offense. At trial, Appellant objected to this evidence on the grounds that it constituted an extraneous offense and that its prejudicial effect outweighed any probative value. His objection was overruled and evidence was introduced that when police attempted to arrest Appellant pursuant to an arrest warrant, Appellant ran from a closet in which he had been hiding and attempted to escape. When an officer caught him, Appellant grabbed the officer's weapon in both hands and attempted to turn it on the officer. The officer was able to wrest the pistol from Appellant and call for assistance. Another officer entered the room with his gun drawn. Appellant then grabbed for his gun and both officers struggled with him until he was finally subdued.

█ Evidence of escape from custody or flight to avoid arrest is generally held admissible on the issue of guilt. *Rumbaugh v. State,* 629 S.W.2d 747, 752 (Tex.Crim.App.1982); *Page v. State,* 690 S.W.2d 102, 106 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). The efforts made to locate or apprehend the defendant, including his resistance to arrest when overtaken, are also relevant to show guilt even though this may also prove the commission of another crime. *Thompson v. State,* 652 S.W.2d 770, 772 (Tex.Crim.App.1983); *McWherter v. State,* 607 S.W.2d 531, 534 (Tex.Crim.App.1980). For such evidence to be excluded, Appellant must affirmatively show that the escape and flight is directly connected to some other transaction *and* that it is not connected with the offense charged. *Rumbaugh v. State,* 629 S.W.2d at 752. Appellant has made no such showing. The trial court did not err in admitting evidence of Appellant's attempt to escape and resist arrest. Point of error four is overruled.

In his fifth point of error, Appellant asserts that the trial court improperly admitted the results of an expert's tooth compar-

ison. The complainant's wife testified that she bit Appellant on the back as she struggled with him during the robbery. One of the arresting officers, Sergeant Burmester, testified that he saw a "big human bite mark" on Appellant's back at the time of arrest. Photographs of this mark were admitted into evidence.

The record reflects that evidence concerning the tooth comparison was first elicited by Appellant during his cross-examination of Sgt. Burmester:

Q: [By Defense Counsel] You submitted the photos from the bite marks to a medical examiner for comparison, did you not?

A: Some of them.

Q: And the medical expert was not able to say that the bite mark on this young man's back matched the teeth of the deceased person's wife's mouth; is that correct?

A: As far as being a perfect match?

Q: Being identifiable. They were not identifiable, were they?

A: I would have to go through the procedure before I could answer that.

Q: I am not asking you to describe another procedure, another expert's uses. I am talking about this procedure. You were not provided information from that expert that the bite mark matched up with the lady's teeth?

A: He could not make a positive identification.

On redirect examination, the prosecutor attempted to clarify the witness' testimony. Appellant objected and a hearing was conducted outside the presence of the jury. The court ruled that under Article 38.24 [1] of the Texas Code of Criminal Procedure the State was entitled to elicit testimony to clarify the findings of the expert. Thereafter, the State elicited the following testimony from the witness:

Q: [By Prosecutor] Sergeant Burmester, what did Dr. Geno tell you with

reference to Mrs. Nguyen's teeth marks, about the bite mark?

A: He said that the impressions that he took, comparing them to the bite marks, there were similarities and consistencies between the bite marks.

Q: But he could not be positive?

A: He could not be positive.

 The purpose of Article 38.24 is to reduce the possibility of the fact finder receiving a false impression from hearing the evidence of only part of a conversation, act or declaration. *Burns v. State,* 556 S.W.2d 270, 284 (Tex.Crim.App.1977), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977); *Evans v. State,* 643 S.W.2d 157, 161 (Tex.App.—Austin 1982, no pet.). The evidence used to fully explain the matter opened up by the other party need not be ordinarily admissible. *Parr v. State,* 557 S.W.2d 99, 102 (Tex.Crim.App. 1977). Appellant's questions were clearly intended to create the false impression that the results of the tooth comparison showed that the bite mark on Appellant's back did not match Mrs. Nguyen's teeth. Since Appellant introduced evidence of the tooth comparison, the State was entitled to clarify the witness' testimony in this regard. Appellant's fifth point of error is overruled.

 Appellant's sixth point of error concerns the constitutionality of Tex.Code Crim.Pro.Ann. art. 37.07, § 4 (Vernon Supp.1987). Appellant asserts that the parole instruction given pursuant to article 37.07, § 4 is unconstitutional because it denies him due process of law pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article I § 19 of the Texas Constitution. He argues that it gives the jury prejudicial information and unfairly tends to cause the jury to give a longer sentence.

This court has previously considered such contentions and found them to be without merit. *Ruiz v. State,* 726 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1987, pet. granted; *Hardy v. State,* 722 S.W.2d

---

1. The relevant portion of Article 38.24 reads: When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other.... Tex.Code Crim. Pro.Ann. art. 38.24 (Vernon 1979) (repealed, now Tex.R.Crim.Evid. 107).

164 (Tex.App.—Houston [14th Dist.] 1986), *remanded on other grounds*, 726 S.W.2d 158 (Tex.Crim.App.1987). Rather than giving the jury prejudicial information, the statute merely results in clarification of the law about which they otherwise tend to speculate. *Ruiz v. State*, 726 S.W.2d at 589–90. Further, it forbids any consideration of how parole and good conduct time might affect the punishment assessed for the particular defendant. *Clark v. State*, 721 S.W.2d 424, 425–426 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Patton v. State*, 717 S.W.2d 772, 780 (Tex.App.—Fort Worth 1986, no pet.). Article 37.07, § 4 provides accurate information and does not violate either the United States Constitution or the Texas Constitution. *Ruiz v. State*, 726 S.W.2d at 590. Point of error six is overruled.

In point of error seven, Appellant maintains that the trial court improperly overruled his objection to the State's cross-examination of Appellant at the punishment phase of the trial.

Appellant did not testify at the guilt-innocence stage of the trial. During the punishment phase, against the advice of his attorney, Appellant took the stand and made a single statement to the jury: "I would like to voluntarily ask for death." The prosecutor then cross-examined Appellant concerning his prior felony convictions. Defense counsel twice objected to this cross-examination on the grounds that it was beyond the scope of the direct examination. These objections were overruled by the court.

Appellant concedes that the State's cross-examination was proper under *Bell v. State*, 620 S.W.2d 116 (Tex.Crim.App.1981) (*on rehearing*), where it was recognized that, "[W]hen a defendant chooses to waive his privilege against self-incrimination by voluntarily taking the witness stand he is generally subject to the same rules as any other witness. He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness ... except when some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case or his failure to testify on a former trial or hearing." *Bell v. State*, 620 S.W.2d at 124. However, Appellant argues that it should be error to allow cross-examination at the punishment stage on issues which go to establish guilt when the defendant's testimony on direct examination was not factually related to guilt. He asserts that such cross-examination deprives him of a fair trial because the application of this rule could result in a defendant's having to choose between testifying at the punishment stage or waiving challenges of the sufficiency or admissibility of the evidence adduced at the guilt-innocence stage. Therefore, Appellant requests that this court modify the rule to limit the scope of such cross-examination to matters raised during direct examination of the defendant.

Appellant was admonished prior to his taking the stand. He voluntarily relinquished his right against self-incrimination and exposed himself to questions about the robbery and his criminal history. Further, Appellant has raised no sufficiency of evidence point in this appeal and, thus, has no standing to raise the stated challenge to the rule's constitutionality. *Eubanks v. State*, 635 S.W.2d 568, 571 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Point of error seven is overruled.

In his final point of error, Appellant contends that during closing argument at the punishment phase of the trial the prosecutor improperly interjected his personal opinion of Appellant. The statement objected to is as follows:

The Defendant told you he was sorry. I think based upon the evidence that you've heard about this Defendant, the Defendant is a little bit like the scene in the movie Gone With The Wind, when Rhett Butler tells Scarlet O'Hara that she's like the thief that's not at all sorry, but he's very, very sorry that he's been caught and is going to jail. And I think that's the extent of this Defendant's remorse, ladies and gentlemen.

The court overruled Appellant's objection to this portion of the argument.

It is well settled that the prosecutor may argue his opinions concerning

issues in the case so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 37 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *See Davis v. State*, 642 S.W.2d 510, 514 (Tex.Crim.App.1982). He may draw all reasonable, fair and legitimate inferences from the facts in evidence. *Williams v. State*, 688 S.W.2d 486, 491 (Tex.Crim.App.1985). The prosecutor's comment was a reasonable deduction from Appellant's statement that he was sorry for what happened. Further, the prosecutor specifically indicated to the jury that the opinion he was expressing was based upon the evidence they had heard. Even if the complained of argument was improper, it was not so harmful as to constitute reversible error. Reversible error in jury argument occurs only where, in light of the record as a whole, the language complained of is extreme or manifestly improper, injects new and harmful facts into the case, or violates some mandatory statute. *McKay v. State*, 707 S.W.2d at 36; *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Welch v. State*, 677 S.W.2d 562, 565 (Tex.App.—Eastland 1984, pet. ref'd.). In light of the record as a whole, the prosecutor's statement could not have harmed Appellant. Point of error eight is overruled.

Accordingly, the judgment of the trial court is affirmed.