**Lazaro Guanes TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0226–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

Pamela C. Oglesby, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Rebecca Baker and James Farren, Asst. Dist. Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of voluntary manslaughter. After finding appellant guilty, the jury assessed punishment at ninety-nine years confinement in the Texas Department of Corrections and a fine of $10,000.

On direct appeal, appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Art. 37.07, Sec. 4, V.A.C.C.P., *Torres v. State*, 725 S.W.2d 380 (Tex.App.—Amarillo 1987).

In his petition for discretionary review, appellant urges the Court of Appeals erred in holding Art. 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined that Art. 37.07, Sec. 4, is unconstitutional. Under

**4**

*Rose,* supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.

In his petition for discretionary review, appellant urges the Court of Appeals erred in holding Art. 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State,* 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined that Art. 37.07, Sec. 4, is unconstitutional. Under *Rose,* supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.