Abdul H. MUHAMMAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 927–91.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1992.

Rehearing Denied June 17, 1992.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Rowena M. Young & Kim Ogg, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted in a trial by jury of the felony offense of aggravated robbery. V.T.C.A., Penal Code, Section 29.03. After finding one enhancement paragraph in the indictment to be true, the jury assessed punishment at fifty years confinement in the Texas Department of Criminal Justice, Institutional Division. The Fourteenth Court of Appeals affirmed appellant's conviction in a published opinion. *Muhammad v. State*, 814 S.W.2d 137 (Tex. App.—Houston [14th Dist.], 1991). This Court granted appellant's petition for discretionary review to determine whether the Court of Appeals erred by holding: (1) the parole charge instruction, as given by the trial court pursuant to Article 37.07, Section 4(a) of the Texas Code of Criminal Procedure, complies with the "due course of law" provisions in the Texas Constitu-

tion; and (2) the parole charge instruction also complies with the "due process of law" provision in the United States Constitution. See Article I, Sections 13 and 19, Texas Constitution; Amendments Five and Fourteen, United States Constitution. We shall affirm.

■ At the punishment phase of appellant's trial, his counsel objected to the court instructing the jury on the operation and effect of parole laws. The court overruled appellant's objections and instructed the jury pursuant to Article 37.07, Section 4(a), V.A.C.C.P.[1] Appellant first contends that the parole instruction as sanctioned by Article 37.07, Section 4(a), supra, violates the due course of law provisions in Article I, Sections 13 and 19 of the Texas Constitution, in spite of the constitutional amendment of Article IV, Section 11(a). In *Oakley v. State*, 830 S.W.2d 107 (Tex.Cr.App. 1992), we determined that Article 37.07, Section 4 was properly re-enacted by the Legislature pursuant to a grant of authority in the 1989 amendment to Article IV, Section 11(a) of the Texas Constitution. We further held that Article IV, Section 11(a), as amended, was not superseded by the due course of law provisions in Article I, Sections 13 and 19. Since appellant's case was tried on May 16, 1990, subsequent

---

1. Article 37.07, Section 4(a), as amended, states:
   "In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3g(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:
   "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
   "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
   "Under the law applicable in this case, if the defendant is sentenced to a term of imprison-

ment, he will not become eligible for parole until the actual time served equals one-fourth of the sentence imposed or 15 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
   "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
   "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."
   Article 37.07, § 4(a), V.A.C.C.P.
   The instruction in appellant's case tracked the language of the statute verbatim.

to the re-enactment of Article 37.07, Section 4, our decision in *Oakley* controls the determination of appellant's first ground for review. Accordingly, we affirm the decision by the Court of Appeals that the trial court properly instructed the jury in appellant's case on the effect and operation of the parole law, pursuant to Article 37.07, Section 4(a), as amended.

■ Appellant next contends that even if the parole instruction does not violate the Texas Constitution, it certainly violates the due process clause of the Fourteenth Amendment to the United States Constitution.[2] Specifically, appellant argues that the instruction is evidence offered by the trial court of how long the accused will serve and that such instruction denies the accused the opportunity to rebut or challenge evidence. Appellant further implies that the instruction gives the jury information that is subject to whim or change. We disagree with appellant's arguments.[3]

In *California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983), the United States Supreme Court held that an instruction informing the jury of the California governor's power to reprieve, pardon or commute a sentence[4] was not too speculative and that it gave the jury "accurate information of which both the defendant and his counsel [were] aware." *Ramos*, 463 U.S. at 1002–1004, 103 S.Ct. at 3454–3455. See *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) and *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). A majority of the Court further determined that the instruction in *Ramos* "invite[d] the jury to predict not so much what some future governor might do, but more what the defendant himself might do if released into society," and in this sense, provided the defendant with an individualized sentencing deliberation. *Ramos*, 463 U.S. at 1005, 103 S.Ct. at 3456. Justice O'Connor, writing for a majority of the Court in *Ramos*, concluded that the California instruction was not constitutionally infirm under the Eighth and Fourteenth Amendments.[5] *Ramos*, 463 U.S. at 1014, 103 S.Ct. at 3460.

Just as the instruction in *Ramos* tracked the California statute, so the parole law instruction given in appellant's punishment charge tracked the language of Article 37.07, Section 4(a). Thus, the instruction gave the jury accurate information of which both

2. In *Oakley v. State*, 830 S.W.2d 107 (Tex.Cr. App.1992), the companion case to the case at bar, we noted that Oakley did not petition this Court for review of his federal constitutional claims and we would not, therefore, address such. Thus, this Court has not addressed the federal constitutionality of parole jury instructions given pursuant to Article 37.07, Section 4(a).

3. Several Courts of Appeals have addressed this issue and concluded that the Article 37.07, Section 4 instruction on parole does not violate the due process clause of the United States Constitution. See *Allen v. State*, 761 S.W.2d 384 (Tex. App.–Houston [14th Dist.] 1988, pet. denied); *Johnson v. State*, 737 S.W.2d 923 (Tex.App.–Beaumont 1987, rev'd and remanded on other grounds); *Ngoc Van Le v. State*, 733 S.W.2d 280 (Tex.App.–Houston [14th Dist.] 1987, rev'd and remanded on other grounds); *Ruiz v. State*, 726 S.W.2d 587 (Tex.App.–Houston [14th Dist.] 1987, pet. granted); *Torres v. State*, 725 S.W.2d 380 (Tex.App.–Amarillo 1987, rev'd and remanded on other grounds); *Boudreaux v. State*, 723 S.W.2d 230 (Tex.App.–Beaumont 1986); *Clark v. State*, 721 S.W.2d 424 (Tex.App.–Houston [1st Dist.] 1986, no pet.); *Patton v. State*, 717 S.W.2d 772, 780 (Tex.App.–Fort Worth 1986, no pet.).

4. At the penalty phase of Ramos's trial, the judge instructed the jury that:
"You are instructed that under the State Constitution a Governor is empowered to grant a reprieve, pardon, or commutation of a sentence following conviction of a crime.
"Under this power a Governor may in the future commute or modify a sentence of life imprisonment without possibility of parole to a lesser sentence that would include the possibility of parole." *California v. Ramos*, 463 U.S. at 995–996, 103 S.Ct. at 3450.

5. Justice O'Connor further explained the decision in *Ramos* in her concurrence to Part IV A in *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), by stating:
"Jurors may harbor misconceptions about the power of state appellate courts or, for that matter, *this* Court to override a jury's sentence of death. Should a State conclude that the reliability of its sentencing procedure is enhanced by accurately instructing the jurors on the sentencing procedure, including the existence and limited nature of appellate review, I see nothing in *Ramos* to foreclose a policy choice in favor of jury education." (emphasis in original). *Caldwell*, 472 U.S. at 342, 105 S.Ct. at 2646 (O'Connor, J., concurring).

appellant and his counsel were aware. The information in the instruction was not evidence being offered by the trial court, but merely an instruction on the law applicable to this case. See Article 36.14, V.A.C.C.P. (purpose of jury charge is to instruct on law of the case); see also *Rose·v. State*, 752 S.W.2d 529, 536 (Tex.Cr.App.1987) (instruction is not evidence, but purports to be law). Moreover, since the State does not put on evidence as to the actual amount of time a prisoner will or will not serve, there is nothing in the parole instruction for appellant to challenge or rebut. See Article 37.07, Section 4(a), supra, (instructs the jury that "it cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by the prison and parole authorities").

■ Finally, we conclude that appellant's argument that the instruction is subject to whim has no merit because the parole instruction in Article 37.07, Section 4(a), like the instruction in *Ramos*, correctly instructs the jury not to speculate on what the parole authorities will do. Nor can it be said that the charge given constitutes "evidence" of the nature of that condemned in *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). See Article 37.07, Section 4(a), supra, ("You are not to consider the manner in which the parole law may be applied to this particular defendant."). Thus, we hold that the parole instruction mandated in Article 37.07, Section 4(a), does not violate federal due process.

Accordingly, the judgment of the Court · of Appeals is affirmed.

CLINTON, J., concurs in the result.

BAIRD, Judge, dissenting.

Appellant contends that Tex.Code Crim. Proc.Ann. art. 37.07 § 4(a) violates the Due Process Clauses of the Fifth and Four-

teenth Amendments to the United States Constitution and Article I, §§ 13 and 19 of the Texas Constitution. In *Oakley v. State*, 830 S.W.2d 107 (Tex.Cr.App.1992), we found art. 37.07 § 4(a) was not violative of Article I, §§ 13 and 19 of the Texas Constitution. However, we did not consider whether art. 37.07 § 4(a) violated the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. The majority attempts to address that issue today.

The majority opinion hinges on *California v. Ramos*, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). However, a thorough reading of *Ramos* reveals only an Eighth Amendment analysis; there is no mention of the Fifth Amendment and the only reference to the Fourteenth Amendment is found in the penultimate paragraph.[1] *Ramos*, 463 U.S. at 1014, 103 S.Ct. at 3460. Therefore, I believe the majority's reliance on *Ramos* to address appellant's contentions is misplaced.

With these comments, I respectfully dissent.

---

1. "... We hold only that the Eighth and Fourteenth Amendments do not prohibit such an instruction." *California v. Ramos*, 463 U.S. 992, 1014, 103 S.Ct. 3446, 3460, 77 L.Ed.2d 1171 (1983).