In the Interest of T.C.T., a Child
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-298-CV

IN THE INTEREST OF T.C.T., A CHILD

 

From the 220th District Court
Hamilton County, Texas
Trial Court # H-35-97
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      On October 9, 1998, Appellant Tammy L. Townsend filed a motion to dismiss this appeal. 
In relevant portion, Rule 42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      No party has filed a response to the motion. Accordingly, this cause is dismissed with costs
to be taxed against the appellant.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed October 21, 1998
Do not publish



2 (Tex. Crim. App. 1990). The jury is the exclusive judge of the credibility of the
witnesses and is free to accept or reject any part of a witness' testimony. See Lackey v. State, 819
S.W.2d 111, 116 (Tex. Crim. App. 1989). 
      Williams argues that the evidence fails to exclude the possibility that another man assaulted
the victim. The child testified unequivocally that Williams was her assailant. Williams denied
committing the offense. The child's testimony is sufficient to support the jury's conclusion that
Williams assaulted her. See id. Point one is overruled.
      In point two, Williams claims the State failed to prove that the outcry witness was the first
adult to whom the victim made a "statement about the offense." See Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a)(2) (Vernon Supp. 1994). Two days after the offense, the victim
approached a neighbor and requested that she be taken to visit a former baby-sitter. The baby-sitter testified as the outcry witness. The victim testified that this outcry witness was the first adult
she told of the offense. The baby-sitter testified that the neighbor had stated that the victim would
not tell the neighbor what was wrong. The court found that the elements of the statutory outcry-witness exception to the hearsay rule were satisfied and admitted the witness' testimony. 
      The trial court has broad discretion in determining the admissibility of this evidence. See
Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). The court's ruling will be reversed
only if a "clear abuse of that discretion is established by the record." Id. There was no such
abuse of discretion in this case. Point two is overruled.
      The trial court instructed the jury regarding parole, using the language set out by the
legislature in the Code of Criminal Procedure. See Tex. Code. Crim. Proc. Ann. art. 37.07,
§ 4(a) (Vernon Supp. 1994). Williams contends that his due process rights were violated by this
instruction, relying on the Fourteenth Amendment of the United States Constitution. The Court
of Criminal Appeals has held that the "parole instruction mandated in Article 37.07, Section 4(a)
does not violate federal due process." See Muhammad v. State, 830 S.W.2d 953, 956 (Tex. Crim.
App. 1992). Point three is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 19, 1994
Do not publish