NUMBER 13-99-561-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MICHAEL FLORES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 148th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Castillo, and Hill(1)


Opinion by Justice Hill



 Michael Flores appeals from his conviction by a jury of six counts
of the offense of aggravated sexual assault of a child. The jury assessed
his punishment for each of the counts at fifty-five years in the Texas
Department of Criminal Justice, Institutional Division, and a fine of
$5000. After appointed counsel filed an Anders brief, Flores filed a pro
se brief on his own behalf. In that brief, he presents two issues, in
which he contends that: (1) he was denied fundamental fairness when
the prosecutor informed the jury that other evidence existed against
him, but that it could not be presented to them because of the hearsay
exception; and (2) his sentence is void because the charge submitted
during the punishment stage, a charge mandated by art. 37.07, sec.
4(a), of the Texas Code of Criminal Procedure, is unconstitutional on it's
face since it informs juries of sentence decreases with the award of
good conduct time that cannot be achieved under any circumstances,
regardless of how much good conduct time a prisoner accrues. 

 We affirm because Flores waived any error in the prosecutor's
argument by failing to object and because the jury instruction mandated
by art 37.07, sec. 4(a), of the Texas Code of Criminal Procedure does
not misstate the law; does not, when read as a whole, cause juries to
sentence defendants based upon an impossible early release; and does
not violate Flores' rights to due process under either the Texas or United
States Constitution.

 Flores argues in his first issue that he was denied fundamental
fairness when the prosecutor informed the jury that other evidence
existed against him, but that it could not be presented to them because
of the hearsay exception. During closing argument, the prosecutor
made the following statement:

 We talked about, in voir dire, "What does a child
molester look like?" It could be anyone. Sandra took Amanda
right away to Child Protective Services. The police
investigated. You didn't hear from them because what they
had to say would have been hearsay, and it's not an
exception to the Rule to get that into evidence. She acted on
it right away. She took Amanda to Driscoll Children's
Hospital at ten something at night. She had the exam at
1:00 in the morning.


 Any error in the admission of this statement was waived by
Flores' failure to object. See Ladd v. State, 3 S.W.3d 547, 569-70 (Tex.
Crim. App. 1999), cert. denied, 120 S.Ct. 1680 (2000); Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 199 6), cert. denied, 117 S.Ct.
1442 (1997). 

 Flores primarily relies on the cases of United States v. Atkinson,
297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936); Douglas v.
Alabama, 380 U.S. 415, 85 S.Ct.1074, 13 L.Ed.2d 934 (1965); U. S. v.
Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); and
Federal Rules of Criminal Procedure, Rule 52(b). His argument appears
to be that because the error involved here is constitutional, we should
address the issue that he raises, even though he did not object, because
it is "plain error." The Federal Rules of Criminal Procedure are
applicable to federal trials, not state trials. None of the cases cited by
Flores holds that a state court must address an error such as that
presented despite his failure to object. Both Atkinson and Olano
involved trials in federal court. In Douglas, a case arising in an Alabama
state court, the court determined that his issue must be addressed,
despite the state's assertion that the defendant had waived error to the
reading of his statement before the jury, after noting that the defendant
had objected to the error on at least three occasions. Douglas, 380 U.S.
at 421; 855 S.Ct. at 1078. We overrule Flores' contention presented in
issue one.

 Flores insists in issue two that his sentence is constitutionally
invalid because the charge, found in art. 37.07, sec. 4(a), of the Texas
Code of Criminal Procedure, is unconstitutional since it informs juries
that a defendant's actual length of confinement can be reduced, which,
he maintains, is impossible due to the fact that Art. 42.18 of the same
code provides that a defendant sentenced for an aggravated offense
must serve at a minimum 50% of the actual sentence imposed, no
matter how much good time credit the defendant has. 

 Paragraph 2 of the punishment charge states:

 Under the law applicable in this case, the defendant, if
sentenced to a term of imprisonment, may earn time off the
period of incarceration imposed through the award for good
conduct time. Prison authorities may award good conduct
time to a prisoner who exhibits good behavior, diligence in
carrying out prison work assignments, and attempts at
reconciliation. If a prisoner engages in misconduct, prison
authorities may also take away all or part of any good
conduct time earned by the prisoner. 

 

 It is also possible that the length of time for which the
defendant will be imprisoned might be reduced by the award
of parole.

 

 Under the law applicable to this case, if the defendant
is sentenced to a term of imprisonment, he will not become
eligible for parole until the actual time served equals one-half
of the sentence imposed or 30 years, whichever is less,
without consideration of any good conduct time he may
earn. Eligibility for parole does not guarantee that parole will
be granted. 


 It cannot accurately be predicted how the parole law
and good conduct time might be applied to this defendant if
he is sentenced to a term of imprisonment, because the
application of those laws will depend on decisions made by
prison and parole authorities.

 

 You may consider the existence of the parole law and
good conduct time. However, you are not to consider the
extent to which good conduct time may be awarded to or
forfeited by this particular defendant. You are not to consider
the manner in which the parole law may be applied to this
particular defendant. 

 

 We believe that this charge, mandated by Art.37.07, sec. 4(a), of
the Texas Code of Criminal Procedure, is not unconstitutional, as
claimed by Flores, because it does not misstate the law, and, when
read as a whole, would not cause juries to sentence defendants based
upon an impossible early release. See Cagle v. State, 23 S.W.3d 590,
594 (Tex. App.--Fort Worth 2000, no pet.); Espinosa v. State, 29 S.W.3d
257, 261 (Tex. App.--Houston [14th Dist.] 2000, no pet.)

 Appellant relies upon the case of Griffin v. State, 811 S.W.2d 221
(Tex. App.-- Houston [1st Dist.] 1991, no pet.). In Griffin, the court
found a charge of this nature violated the state constitution, based upon
the opinion of the Texas Court of Criminal Appeals in Rose v. State, 752
S.W.2d 529, 535, 537 (Tex. Crim. App. 1987). Griffin, 811 S.W.2d at
223. A 1989 amendment to Article IV, Section 11(a), of the Texas
Constitution cured the defect relied upon by the court in Rose;
consequently, such a charge given where the defendant is charged with
an aggravated offense does not violate the Texas Constitution. Oakley
v. State, 830 S.W.2d 107, 111-112 (Tex. Crim. App. 1992). In another
case where the defendant had been convicted of an aggravated offense,
the Texas Court of Criminal Appeals held that such a charge does not
violate federal due process. Muhammad v. State, 830 S.W.2d 953, 956
(Tex. Crim. App. 1982). Because the charge in this case did not violate
either the Texas Constitution or the United States Constitution, we
overrule Flores' contention presented in issue two. 

 The judgment is affirmed.

 ______________________________

 JOHN HILL,

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 15th day of February, 2001.

1. Retired Justice John Hill assigned to this court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).